ADLESON, HESS & KELLY, APC
Randy M. Hess (SBN 88635)
Nicole S. Hess (SBN 286632)
577 Salmar Avenue, Second Floor
Campbell, California  95008
Telephone:   (408) 341-0234
Facsimile:   (408) 341-0250
rhess@ahklaw.com
nhess@ahklaw.com

Attorneys for Defendant
SHASTA TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>    Plaintiff in Interpleader,<br><br>vs.<br><br>SHASTA TECHNOLOGIES, LLC, INSTACARE CORP., and PHARMATECH SOLUTIONS, INC.<br><br>    Defendants in Interpleader.<br><br>SHASTA TECHNOLOGIES, LLC,<br><br>    Counterclaimant,<br><br>vs.<br><br>GOTHAM INSURANCE COMPANY, and DOES 1 TO 50, INCLUSIVE<br><br>    Counter Defendants. | CASE NO.:  4:13-cv-03810-PJH<br><br>**DEFENDANT SHASTA TECHNOLOGIES, LLC'S ANSWER TO PLAINTIFF GOTHAM INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER;**<br><br>**COUNTERCLAIM FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Defendant and Counterclaimant SHASTA TECHNOLOGIES, LLC (hereinafter "defendant", "counterclaimant" or "Shasta") and in response to the complaint of plaintiff GOTHAM INSURANCE COMPANY (hereinafter "plaintiff", "counter defendant", or "Gotham") on file herein, herewith admits, denies, avers and counterclaims as hereinafter set forth:

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

# ANSWER TO COMPLAINT OF PLAINTIFF
# GOTHAM INSURANCE COMPANY

**I.**

Responding to paragraph 1 of the complaint, Shasta lacks sufficient information to form a belief as to the truth of the allegations therein contained, and on that basis denies those allegations.

**II.**

Responding to paragraph 2 of the complaint, Shasta admits that it is a named defendant in the action currently pending in the United States District Court for the Northern District of California, Case No. CV11-04494 (hereinafter "the Underlying Action") and that it has appeared in that action. Shasta denies the remainder of the allegations in this paragraph.

**III.**

Responding to paragraph 3 of the complaint, Shasta lacks sufficient information to form a belief as to the truth of the allegations therein contained, and on that basis denies those allegations.

**IV.**

Responding to paragraph 4 of the complaint, Shasta admits that Shasta Technologies LLC is a limited liability company organized under the laws of the state of Oregon. Shasta denies having a principal place of business at 7340 Hunziker Road, Suite 205, Tigard, Oregon 97223.

**V.**

Responding to paragraph 5 of the complaint, Shasta lacks sufficient information to form a belief as to the truth of the allegations therein contained, and on that basis denies those allegations.

**VI.**

Responding to paragraph 6 of the complaint, Shasta lacks sufficient information to form a belief as to the truth of the allegations therein contained, and on that basis denies

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.  4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY    2

those allegations.

**VII.**

Responding to Paragraph 7 of the complaint, Shasta admits that Gotham issued it an insurance policy, represented to be policy number IP00705-D, with the stated policy period of May 20, 2010 to May 20, 2011. Shasta admits that the declarations page of the Policy represents that the Policy is entitled "INTELLECTUAL PROPERTY INFRINGEMENT DEFENSE COST REIMBURSEMENT POLICY". Shasta lacks sufficient information to form a belief as to whether Exhibit 1 is a true and correct copy of the Policy, and on that basis denies that allegation.

**VIII.**

Responding to paragraph 8 of the complaint, Shasta admits that the Policy provides coverage limits of $2 million per claim and $2 million in the aggregate. Shasta admits that the policy declarations page represents that there is a 10% copayment. Shasta admits that Endorsement No. IPI-DEF 843-10B represents that there is a special self-insured retention of $250,000 per claim made against the Named Insured for Infringement of U.S. Patent Nos. 5,708,247 and/or 6,733,655. Shasta denies the remainder of the allegations in this paragraph.

**IX.**

Responding to paragraph 9 of the complaint, Shasta admits that an endorsement to the Policy lists PharmaTech Solutions Inc. and Instacare Corp. as additional insureds under the Policy. Shasta denies the remainder of the allegations in this paragraph.

**X.**

Responding to paragraph 10 of the complaint, Shasta denies the allegations contained herein.

**XI.**

Responding to paragraph 11 of the complaint, Shasta admits that Exhibit 2 is a copy of a letter addressed May 30, 2012 from Sandra Walker at IPISC Claims department addressed to Calvin Knickerbocker and others. Shasta lacks sufficient information to form a

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   3

belief as to the remainder of allegations contained in paragraph 11 and on that basis, denies those allegations.

## XII.

Responding to paragraph 12 of the complaint, Shasta admits that it is seeking the remainder of the funds available under the insurance policy, and as such, denies that the total amount of the proceeds payable to the Defendants in Interpleader is currently unknown. Shasta lacks sufficient information or expertise to form a belief as to the truth as to the remainder of the allegations therein contained, and on that basis denies those allegations.

## XIII.

Responding to paragraph 13 of the complaint, Shasta admits that Shasta has made a claim and is entitled to the proceeds of the policy. Shasta lacks sufficient information to form a belief as to the truth as to the remainder of the allegations therein contained, and on that basis denies those allegations.

## XIV.

Responding to paragraph 14 of the complaint, Shasta admits that defendants in interpleader action object to Shasta's claim for what it is entitled to under the Policy. Shasta lacks sufficient information to form a belief as to the truth as to the remainder of the allegations therein contained, and on that basis denies those allegations.

## XV.

Responding to paragraph 15 of the complaint, Shasta admits that a prior interpleader action was brought by Gotham against Shasta, Instacare and Pharmatech.

## XVI.

Responding to paragraph 16 of the complaint, Shasta admits that a settlement was reached in the Interpleader I action, which settlement bars the instant action for interpleader. Shasta lacks sufficient information or expertise to form a belief as to the truth as to the remainder of the allegations therein contained, and on that basis denies those allegations.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.  4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY    4

**XVII.**

Responding to paragraph 17 of the complaint, Shasta admits that as of July 10, 2013, Gotham stated that it had paid a total of $1,421,266.42 of the proceeds under the Policy. Shasta admits that as of July 10, 2013, Gotham stated that it had paid $489,110.96 to Shasta and $932,155.45 to PharmaTech and Instacare. Shasta lacks sufficient information or expertise to form a belief as to the truth as to the remainder of the allegations therein contained, and on that basis denies those allegations.

**XVIII**

Responding to paragraph 18 of the complaint, Shasta admits that it demands the total sum of proceeds that it is entitled to under the Policy. Shasta admits that Gotham has made payment of some funds, on its behalf, under the policy. Shasta denies that its demands are for "more than its fair share of the Proceeds." Shasta also denies that its demands conflict with the rights of PharmaTech and Instacare, the Policy, or the Settlement Agreement.

**XIX**

Responding to paragraph 19 of the complaint, Shasta denies all allegations.

**XX.**

Responding to paragraph 20 of the complaint, Shasta lacks sufficient information to form a belief as to the truth of the allegations therein contained, and on that basis denies those allegations.

**XXI.**

Responding to paragraph 21 of the complaint, Shasta incorporates by reference its answers to the allegations contained in Paragraphs 1 through 20 of the Complaint in Interpleader.

**XXII.**

Responding to the paragraph 22, erroneously titled paragraph 19, Shasta denies allegations contained in this paragraph.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

**XXIII.**

Responding to the paragraph 23, erroneously titled paragraph 20, Shasta avers the allegations are merely legal conclusions and that no response is therefore required.

## SHASTA'S AFFIRMATIVE DEFENSES

**XXIV.**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham's complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this defendant.

**XXV.**

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham's claims are barred, in whole or in part, by the doctrines of release and/or accord and satisfaction and/or merger and bar, based on the prior Settlement Agreement and Joint Defense Agreement entered into by the parties in connection with resolution of Interpleader I, including but not limited to the portions of the Settlement Agreement dismissing plaintiff Gotham's interpleader claims with prejudice and waiving the provisions of Civil Code Section 1542, and the stipulation of dismissal entered following the settlement of Interpleader I.

**XXVI.**

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

**XXVII.**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham was itself careless, negligent and at fault for the matters alleged in the complaint; that said

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY 6

carelessness, negligence or fault on said plaintiff's own part proximately contributed to the happening of the incident and to the injuries, loss and damage complained of, if any there were; that should plaintiff Gotham recover damages, defendant (Shasta) is entitled to have the amount thereof abated, reduced or eliminated to the extent that said plaintiff caused or contributed to its injuries, if any.

### XXVIII.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that named and/or unnamed third parties were careless, negligent or at fault for the matters alleged in the complaint; that said carelessness, negligence or fault of said named and/or unnamed third parties proximately contributed to the happening of the incident and to the injuries, loss and damage complained of by plaintiff Gotham, if any there were; that should plaintiff Gotham recover damages, this answering defendant (Shasta) is entitled to have the amount thereof abated, reduced or eliminated to the extent that said named and/or unnamed third parties caused or contributed to plaintiff Gotham's injuries, if any.

### XXIX.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham acted with full knowledge of all the facts and circumstances surrounding its injuries and assumed the risk of the matters causing its injuries, and that said matters of which said plaintiff assumed the risk proximately contributed to the happening of the incident at bar and proximately caused its injuries, if any.

### XXX.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that Gotham breached the contract between plaintiff and defendant, and/or failed to observe all covenants and conditions of the contract, and as such, is not entitled to claim the benefits of the contract.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   7

**XXXI.**

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that Gotham breached the implied covenant of good faith and fair dealing, and therefore is responsible for defendant's out-of-pocket costs, losses, general damages and punitive damages as allowed by law.

**XXXII.**

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that plaintiff Gotham failed to exercise reasonable care and diligence to mitigate its harm claimed in the complaint.

**XXXIII.**

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that any recovery sought, awarded to or received by plaintiff Gotham would unjustly enrich Gotham and contravene the principles of equity.

**XXXIII.**

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that Gotham has failed to join all necessary parties to this action.

**XXXIV.**

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant (Shasta) alleges that Gotham has failed to comply with the requirements for bringing an interpleader action under Rule 22 of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1335.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff Gotham take nothing by virtue of its complaint on file herein and that its action be dismissed with prejudice;

2. For costs of suit herein incurred;

3. For reasonable attorneys' fees incurred, including fees allowable under *Brandt*

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

*v. Superior Court*;

4. That plaintiff Gotham's requested declaratory relief be denied; and

5. For such other and further relief as the Court may deem just and proper

## COUNTERCLAIM BY SHASTA TECHNOLOGIES LLC
## AGAINST GOTHAM INSURANCE COMPANY

1. Shasta Technologies LLC (hereinafter "Shasta" or "Plaintiff") is informed and believes and thereon alleges that at all time herein relevant, Gotham Insurance Company (hereinafter "Gotham", "defendant" or "counter-defendant") is a foreign corporation transacting business within this judicial district. Shasta is further informed and believes and thereon alleges that Gotham's business within this judicial district includes, but is not limited to issuing and servicing policies of insurance to insureds who are themselves doing business in this judicial district.

2. Shasta is ignorant of the true names and capacities of counter-defendants sued herein as Does 1 through 50, inclusive, and therefore Shasta sues these counter-defendants by such fictitious names. Shasta will amend this counterclaim to allege their true names and capacities when they are ascertained. Shasta is informed and believes and thereon alleges that each of the fictitiously-named counter-defendants is responsible and liable in some manner for the occurrences and/or conduct herein alleged, and/or is responsible or liable under the policy of insurance referenced herein, and that Shasta's damages as herein alleged were proximately caused in whole or in part by said fictitiously-named counter-defendants' conduct or liability.

3. Shasta is informed and believes and thereon alleges that at all times herein mentioned, Shasta, counter-defendants, and/or each of them, were acting as the agents, servants, successors, predecessors, principals, parents, subsidiaries, joint venturers, and employees of each other, and were acting within the full course and scope of said relationship with the full knowledge, consent and ratification, either expressed or implied, of each of the other counter defendants.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.  4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   9

4.     The policy of insurance which forms the basis of this action was intended to be performed in whole or in part in the State of California in this judicial district.

5.     Shasta is a named defendant in *Lifescan Scotland Ltd. v. Shasta Technologies LLC, et al.*, Case No. CV11-04494, which is currently pending in the San Jose Division of the Federal District Court for the Northern District of California (hereinafter "the Underlying Action"). Gotham has agreed to reimburse Litigation Expenses incurred by Shasta during the pendency of the Underlying Action.

## SHASTA'S FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

6.     Plaintiff realleges and incorporates herein by reference, as though fully set forth in this first cause of action, all of the allegations contained in paragraphs 1 through 5 above.

7.     Shasta and Gotham entered into a written contract of insurance bearing Policy No. IP100705-D, with a policy period of May 20, 2010 to May 20, 2011 (hereinafter "the Policy").

8.     Gotham and/or counter-defendants, by their duly authorized agents, for valuable consideration, executed, delivered and issued the Policy to Shasta. The Policy, by its terms, was effective at all relevant times. The Policy imposed upon Gotham the duty to reimburse Litigation Expenses and Damages arising out of claims for patent infringement related to specifically scheduled patents (hereinafter "insured patent). By the terms of the Policy, Gotham promised to reimburse 90% of legal fees and costs incurred by Shasta in the Underlying Action (hereinafter "Litigation Expenses"). The policy listed Shasta as the only "Named Insured" whose name actually appears in Item 1 of the Declarations Page. By endorsement, the policy included additional insureds, including PharmaTech Solutions, Inc. (hereinafter "PharmaTech) and Instacare Corp. (hereinafter "Instacare"). The Policy further provided for a per claim and aggregate limit of coverage of Two Million Dollars ($2,000,000.00).

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

9. On or about May 30, 2012, Gotham, through its agent Intellectual Property Insurance Services Corporation (hereinafter "IPISC"), informed Shasta in writing that it would reimburse Litigation Expenses pursuant to the terms of the Policy for Shasta, the Named Insured, as well as the additional insureds, for claims of infringement of an insured patent, subject to a reservation of rights.

10. Subsequent to Gotham's agreement to provide coverage to the Named Insured and the additional insureds, a dispute arose regarding payment of Litigation Expenses by Gotham to Shasta, PharmaTech and Instacare. Gotham brought a prior interpleader action in this Court, entitled *Gotham Insurance Company v. Shasta Technologies LLC, et al.* Case No. CV12-02823, in this judicial district. Said action was resolved via settlement agreement, where among other things, Gotham agreed to provide payment for Litigation Expenses directly to defense counsel for the Named Insured and the additional insureds. Gotham also agreed to dismiss its first interpleader action.

11. Shasta is informed and believes and thereon alleges that Gotham and/or counter-defendants have breached obligations to Shasta, as the First Named Insured under the Policy by only reimbursing 50% of Litigation Expenses, instead of 90% of Litigation Expenses as the Policy requires. Gotham and/or counter-defendants unilaterally reduced repayment of Litigation Expenses to Shasta by 50%. Gotham's purported justification for its refusal to provide Shasta a full defense as required by the Policy is that Shasta's defense counsel is representing an allegedly uninsured co-defendant, Conductive Technologies. However, the unilateral 50% reduction in policy benefits is unsupported by the policy, law, and is wholly unreasonable. As it has acknowledged, Gotham is obligated to pay Litigation Expenses as required under the policy, and the policy *does not permit allocation* due to defense counsel's concurrent representation of an uninsured entity. Invoices sent to Gotham for repayment are for legal services performed on behalf of Shasta. Shasta's defense counsel separately invoices work performed solely on behalf of Conductive Technologies; as Gotham is not billed for work performed only for the benefit of Conductive Technologies, it is not entitled to enforce its 50% allocation.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   11

12. By its terms, the Policy only permits allocation as between covered and uncovered *counts*, and as between insured and uninsured *products*, but not as between covered and uncovered *persons*. The allocation clause does not, on its face, permit the reduction that Gotham has unilaterally forced upon Shasta.

The allocation clause provides:

> "1. If the CIVIL PROCEEDING includes *counts or causes of action* ("Count(s)") which are not COVERED LITIGATION, reimbursable LITIGATION EXPENSES shall be determined by multiplying the reasonable and customary attorney's fees, costs and disbursements arising from the CIVIL PROCEEDING by a fraction whose numerator is the number of Counts which are COVERED LITIGATION present in the suit at the time those costs arose, and whose denominator is the total number of Counts in the CIVIL PROCEEDING at that time.
>
> 2. If a Count includes *allegations of INFRINGEMENT by both insured and uninsured MANUFACTURED PRODUCTS*, the reimbursable LITIGATION EXPENSES arising from that Count shall be determined by the proportion of the insured to total MANUFACTURED PRODUCTS accused therein.
>
> 3. If a Count includes *allegations that both insured-against and uninsured-against patents, trademarks, copyrights or portions thereof* (including individual claims of a patent) are INFRINGED by an insured MANUFACTURED PRODUCT, the LITIGATION EXPENSES arising from that Count shall be determined by the proportion of the insured-against to total patents, trademarks, copyrights or portions thereof asserted in that Count." (Policy, pp. 2-3, italics added.)

13. No uninsured claims or counts are alleged in the underlying action. Nouninsured products are alleged to have been infringed. No uninsured patents are at issue. Therefore, the allocation provision does not apply.

14. Gotham breached the contract of insurance by allocating reimbursement of Litigation Expenses based on the Named Insured's counsel's concurrent representation of an uninsured entity. From the complexity and specificity of the allocation clause found in the

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.  4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY    12

1  Policy, Gotham understood how to exclude payment for uninsured persons but did not do
2  so. Therefore, Gotham is contractually obligated to provide a full defense for *all* attorneys'
3  fees incurred by Shasta.

4       15.   In addition, Gotham has breached its contract with Shasta by filing an
5  interpleader action when the Policy clearly indicates that Shasta, and only Shasta, is entitled
6  to control the Policy.

> "Only the first Named Insured has the right to receive notifications from the
> Company and control the Policy including but not limited to adding or removing
> insureds, canceling the Policy or agreeing to modifications to the Policy. Also,
> only those Named Insureds whose names actually appear in Item 1 of the
> Declarations Page (or their legal representatives or trustees) have the right to
> make CLAIMS against the Company and receive reimbursement under this
> Policy."

Neither Instacare Corp. nor Pharmatech Solutions, Inc. is entitled to control the Policy. Therefore, their threats of litigation do not support the instant interpleader action, nor do they support Gotham's continued refusal to pay benefits clearly owed to the "first Named Insured, Shasta."

       16.   Gotham has breached its contract with Shasta in its analysis of its rights and duties under the Policy, in unilaterally reducing payment by 50% to Shasta, and in bringing an interpleader action when payment is clearly due to Shasta. Gotham's nonpayment of benefits to which Shasta is entitled under the Policy and the subsequent initiation of an interpleader action are therefore improper, unsupported and unwarranted, and Gotham is therefore in breach of the agreement and the implied covenant of good faith and fair dealing.

       17.   At all times herein mentioned, Shasta has performed all of the terms and conditions of the Policy on its part to be performed, including, but not limited to, paying substantial premiums to Gotham for the Policy and complying with any and all conditions to coverage. Shasta intended and expected to be assured financial and economic security in

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

the event of losses or claims covered under the Policy.

18. Gotham breached the Policy by, among other things, refusing and failing to fully reimburse Shasta for Litigation Expenses incurred in the Underlying Action. Gotham also breached the Policy by, among other things, failing adequately to investigate or evaluate Shasta's claims for benefits under the Policy; refusing and failing to timely reconsider and reverse its erroneous reductions of benefits owed to Shasta under the policy; failing to explain and/or misrepresenting policy provisions to Shasta; failing to consider facts and evidence supporting coverage; succumbing to threats made by additional insureds instead of adhering to policy provisions clearly articulating the duties owed to the first Named Insured, Shasta; and other conduct. In its quest to avoid full payment, Gotham engaged in the above, among other substantial acts, errors, omissions and/or breaches of contract and duties owed to Shasta.

19. Gotham further breached the Policy by the following acts and/or omissions:

a. Failing to make a reasonable, prompt and adequate investigation of Shasta's claim for benefits;

b. Unilaterally reducing benefits owed to Shasta under the policy by 50%, which was completely unsupported by the plain language of the Policy and in duties owed to Shasta.

c. Filing suit against Shasta for Interpleader, forcing the insured to retain counsel and appear in court to defend itself, incurring attorneys' fees and costs;

d. Resolving ambiguities in the Policy to Gotham's benefit and against Shasta's;

e. In the above and other conduct, violating the California Insurance Code;

f. Handling Shasta's claim for benefits and defense in an unfair manner;

g. Misrepresenting to Shasta pertinent facts and insurance policy provisions relating to the coverage at issue;

h. Failing to acknowledge and act reasonably promptly upon communications from Shasta or its counsel with respect to claims arising under the Policy;

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   14

   i. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Policy;

   j. Failing to provide a prompt and reasonable explanation of the basis or bases relied on in the Policy, in relation to the facts or applicable law, for the nonpayment of full benefits owed to Shasta under the Policy.

   k. Requiring Shasta to retain attorneys in an effort to obtain coverage and/or benefits owed under the Policy;

   l. Filing an action in Interpleader against Shasta when the Policy clearly articulates Gotham's obligations and duties owed to Shasta under the Policy.

   m. Requiring Shasta to file a counter-claim in order to obtain coverage and/or benefits that were owed under the Policy; and

   n. Other conduct, acts, errors or omissions as will be proven at the time of trial.

  20. As a proximate result of Gotham's breach of the Policy as alleged herein, Shasta has been damaged in an amount according to proof at trial, and in excess of this Court's minimum jurisdiction. In particular, Shasta has been compelled to pay defense counsel including counsel to defend the coverage proceeding, which losses should have been paid or reimbursed by Gotham. Shasta has also sustained or will sustain other losses and damages in an amount in excess of the minimum jurisdiction of this Court.

  Wherefore, Shasta prays for judgment against Gotham and other Counter-Defendants, and each of them, as hereinafter set forth.

## SHASTA'S SECOND CLAIM FOR RELIEF

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

  21. Shasta realleges and incorporates herein by reference, as though fully set forth in this second cause of action, all of the allegations contained in paragraphs 1 through 20 above.

  22. A duty of good faith and fair dealing is implied by law into the Policy at issue in this action.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

23. In this connection, and in connection with the claims set forth hereinabove, Shasta asserts as follows:

    a. Gotham and/or counter-defendants had a duty to pay at least as much consideration to Shasta's financial interests as to counter-defendants' financial interests;

    b. Gotham and/or counter-defendants had a duty to investigate promptly and impartially Shasta's claim(s) for benefits under the Policy;

    c. Gotham and/or counter-defendants had a duty to evaluate promptly and impartially Shasta's claim(s) for benefits under the Policy;

    d. Gotham and/or counter-defendants had a duty to consider all relevant facts and law in their investigation and evaluation of Shasta's claim(s) for benefits under the Policy;

    e. Gotham and/or counter-defendants had a duty to hold Shasta's interests at least equal to counter-defendants' own interests in its evaluation and interpretation of the Policy at issue; and

    f. Gotham and/or counter-defendants had other duties established by case, statutory and regulatory law.

24. Nevertheless, Gotham and/or counter-defendants breached the implied duty of good faith and fair dealing owed to Shasta by, among other things, performing the acts (and failures to act) herein alleged, and by failing to perform the duties specifically enumerated herein. Gotham and/or counter-defendants further breached the duty of good faith and fair dealing, by:

    a. Failing to make a reasonable, prompt and adequate investigation of Shasta's claim for benefits;

    b. Unilaterally reducing benefits owed to Shasta under the policy by 50%, which was completely unsupported by the plain language of the Policy and in duties owed to Shasta.

    c. Filing suit against Shasta for Interpleader and Declaratory Relief, forcing the insured to retain counsel and appear in court to defend itself, incurring attorneys'

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   16

fees and costs;

    d.    Resolving ambiguities in the Policy to Gotham's benefit and against Shasta;

    e.    In the above and other conduct, violating the California Insurance Code;

    f.    Handling Shasta's claim for benefits and defense in an unfair manner;

    g.    Misrepresenting to Shasta pertinent facts and insurance policy provisions relating to the coverage at issue;

    h.    Failing to acknowledge and act reasonably promptly upon communications from Shasta or its counsel with respect to claims arising under the Policy;

    i.    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Policy;

    j.    Failing to provide a prompt and reasonable explanation of the basis or bases relied on in the Policy, in relation to the facts or applicable law, for the nonpayment of full benefits owed to Shasta under the Policy.

    k.    Requiring Shasta to retain attorneys in an effort to obtain coverage and/or benefits owed under the Policy;

    l.    Filing an action in Interpleader against Shasta when the Policy clearly articulates Gotham's obligations and duties owed to Shasta under the Policy.

    m.    Requiring Shasta to file a counter-claim in order to obtain coverage and/or benefits that were owed under the Policy; and

    n.    Other conduct, acts, errors or omissions as will be proven at the time of trial.

25.    In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Gotham and/or the counter-defendants acted in bad faith toward Shasta by, among other things, failing and refusing to provide the coverage to which Shasta was entitled under the Policy. Shasta is informed and believes and thereon alleges that counter-defendants have a pattern and practice of similar bad faith conduct toward others who are insured under similar policies.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

26. As a proximate result of Gotham's and/or counter-defendants' breaches of the covenant of good faith and fair dealing as alleged herein, Shasta has been compelled to pay substantial sums out-of pocket in defense of the Underlying Action and for repair and mitigation of all losses flowing from the covered cause of loss; among other damages, losses and payments to mitigate the losses that were and should have been covered under the Policy and which Gotham and/or counter-defendants failed to compensate, all in an amount in excess of the minimum jurisdiction of this Court.

27. As a further and proximate result of Gotham's and/or counter-defendants' breaches of the covenant of good faith and fair dealing as alleged herein, Shasta has also been forced to incur damages and attorneys' fees and costs, to recover the benefits owed under the subject policies of insurance. Shasta has also suffered a loss of reputation and goodwill and other economic losses and damages in amounts not yet fully ascertained, but within the jurisdiction of this Court.

28. Gotham and/or counter-defendants pursued their course of conduct intentionally, maliciously, fraudulently, oppressively, and/or in conscious disregard of the rights of plaintiff, with reckless disregard of the likelihood of causing Shasta financial distress and/or at all times to further their own economic interests at the expense of Shasta's economic interests. Further, Gotham's and/or counter-defendants' refusal to acknowledge the duty to pay losses under the Policy was made with the intent to intimidate, vex, oppress and harass Shasta so as to discourage Shasta from pursuing its rights under the Policy.

29. Shasta is informed and believes and thereon alleges that Gotham and/or counter-defendants have a pattern and practice of wrongfully refusing to fully carry out their obligations to insureds by refusing to fully pay or reimburse Litigation Expenses as set forth in the Policy, and interpreting their policies and narrowly, without providing the benefit of the doubt regarding coverage to their policyholders. In order to deter such conduct of Gotham and/or counter-defendants in the future and to prevent repetition thereof as a practice, by way of punishment and as example, plaintiff prays that punitive or exemplary damages be

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   18

awarded according to proof at trial pursuant to Civil Code § 3294 and all other applicable authorities.

30. Wherefore, Shasta prays for judgment against Gotham and/or counter-defendants, and/or each of them, as hereinafter set forth.

## **SHASTA'S PRAYERS FOR RELIEF**

1. For general and special damages, including but not limited to policy benefits; amounts paid by Shasta for resolution of all covered claims flowing from the claims that Gotham and/or counter-defendants refused to pay or reimburse, and any and all other damages as may be proven at trial in amounts according to proof;

2. For all damages and costs recoverable as determined by the Court;

3. For interest on said damages at the legal rate, according to proof;

4. For an award of punitive or exemplary damages in an amount to be proven at trial (as to the second claim for relief only);

5. For an award of attorneys' fees and costs pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813 or other authority;

6. For denial of all claims by Gotham and/or counter-defendants for declaratory or equitable relief;

7. For all costs of suit incurred; and

8. For such other and further relief as the Court may deem just, proper and appropriate.

///
///
///
///
///
///
///
///

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   19

## DEMAND FOR JURY TRIAL

Defendant and Counter-Claimant Shasta Technologies LLC hereby demands a trial by jury with respect to the complaint filed by Gotham Insurance Company and the counter-claim filed by Shasta Technologies LLC.

Dated: October 14, 2013                     ADLESON, HESS & KELLY, APC

By: _____
RANDY M. HESS
NICOLE S. HESS
Attorneys for Defendant and
Counter-claimant SHASTA
TECHNOLOGIES LLC

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 4:13-cv-03810-PJH   SHASTA'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR TRIAL BY JURY   20