1  **PLAGER SCHACK LLP**
   Mark H. Plager (CA Bar No. 192259)
2  *mark@plagerschack.com*
   Michael L. Schack (CA Bar No. 128784)
3  *michaels@plagerschack.com*
   16152 Beach Boulevard, Suite 207
4  Huntington Beach, California 92647
   (714) 698-0601 - Phone
5  (714) 698-0608 - Fax

6  Attorneys for Plaintiff in Interpleader
   Gotham Insurance Company
7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

10

11  GOTHAM INSURANCE COMPANY,  )  **CASE No.** 5:13-CV-03810 BLF
                               )
12       Plaintiff in Interpleader,  )  STIPULATION AND ORDER
                               )  GRANTING DECREE OF FINAL
13       v.                    )  INTERPLEADER AND DISMISSAL
                               )  OF PLAINTIFF GOTHAM
14  SHASTA TECHNOLOGIES, LLC,  )  INSURANCE COMPANY
    INSTACARE CORP., and       )
15  PHARMATECH SOLUTIONS, INC. )
                               )
16       Defendants in Interpleader.  )
                               )
17  ―――――――――――――――――――――――  )
                               )
18  AND RELATED COUNTER-CLAIMS )
    AND CROSS-CLAIMS.          )
19  ―――――――――――――――――――――――  )

20

21       WHEREAS, the Parties in the above-referenced matter have entered into a

22  Settlement Agreement whereby, as between Plaintiff Gotham Insurance Company

23  ("Gotham"), on the one hand, and, on the other hand, the Defendants SHASTA

24  TECHNOLOGIES, LLC (hereinafter "Shasta"), PHARMATECH SOLUTIONS, INC.

25  (hereinafter "Pharmatech"), DECISION DIAGNOSTICS, INC.,fka INSTACARE CORP.

26  (hereinafter "Decision Diagnostics"), CALVIN KNICKERBOCKER, JR. (hereinafter

27  "Knickerbocker Jr.") and CALVIN KNICKERBOCKER, III (hereinafter "Knickerbocker

28  III") (hereinafter Shasta, Pharmatech, Instacare, Knickerbocker Jr. and Knickerbocker III

1  shall be collectively referred to as "Defendants"), have agreed to settle the interpleader
2  claims and allow for dismissal of Gotham; and

3      Whereas, pursuant to the terms of the Settlement Agreement, the Defendants shall
4  retain and maintain their claims against each other, as well as their claims to the
5  interplead funds currently on deposit with the Clerk of the Court, which claims shall be
6  litigated in this matter; and

7      Whereas, pursuant to the terms of the Settlement Agreement, no claims shall be
8  retained or continue to be maintained against Gotham, and the Counter-claims of Shasta
9  against Gotham are to be dismissed with prejudice; and

10     Whereas, pursuant to the terms of the Settlement Agreement, Gotham will dismiss
11 all of its causes of action against Shasta, Knickerbocker Jr. and Knickerbocker III, except
12 for the interpleader cause of action;

13     WHEREAS, in furtherance of such settlement the following order is requested to
14 be entered by all parties;

15     IT IS HEREBY STIPULATED THAT:

16    1.   The Court shall enter a final decree of interpleader;

17    2.   Plaintiff Gotham Insurance Company shall be dismissed from this case;

18    3.   All of the claims of Defendant and Counter-claimant Shasta Technologies, LLC
19         contained in its Answer and Counter-claim against Plaintiff and Counter-defendant
20         Gotham Insurance Company shall be dismissed with prejudice;

21    4.   From Plaintiff Gotham Insurance Company's First Amended Complaint, the Third
22         Cause of Action for Breach of Written Settlement, Fourth Cause of Action for
23         Promise Made with No Intention to Perform, and Fifth Cause of Action for Fraud,
24         against Defendants Shasta Technologies, LLC, Calvin Knickerbocker, Jr. and
25         Calvin Knickerbocker III, respectively, shall be dismissed with prejudice;

26    5.   Defendants shall be permanently enjoined from instituting or prosecuting any
27         proceedings against Plaintiff in any way relating to the insurance policy or its
28         proceeds.  However, should Plaintiff institute any action against Defendants,

---

STIPULATION AND ORDER GRANTING DECREE OF FINAL INTERPLEADER AND
DISMISSAL OF PLAINTIFF GOTHAM INSURANCE COMPANY

1   Defendants reserve the right to assert all defenses, including affirmative defenses,

2   and, Defendants reserve the right to file and prosecute any cross-claim in such

3   action by Plaintiff, whether compulsory or permissive, provided that the facts and

4   events giving rise to any such cross-claim must have occurred after the date on

5   which this order was entered.  It being understood that this injunction precludes any

6   claims existing, arising or accruing prior to the date of this order, and that

7   Defendants are permanently barred from raising any claims that were, or could

8   have been asserted prior to the date of this order;

9   6.   The Defendants shall be deemed to have each filed a claim to the Policy Proceeds

10      on deposit with the Court.  Proceeds that are deemed unclaimed shall be deposited

11      in the United States Treasury in accordance with 28 U.S.C. § 2042;

12  7.   Pursuant to the terms of the Settlement Agreement, Gotham waives any claim

13      for attorney's fees and costs against the Defendants to the extent such claim

14      arises out of or relates to this interpleader action only, and Defendants waive

15      any claims to attorney's fees and costs against Gotham, while the

16      Defendants reserve their claims for attorney's fees and costs as against each

17      other, and Gotham rights are reserved as set forth in the Settlement

18      Agreement;

19  8.   The Court shall retain jurisdiction over the case for purposes of

20      determination of claims between the Defendants, and for purposes of

21      enforcing the Settlement Agreement.

22

23   IT IS SO STIPULATED.

24

25  Dated: January 2, 2014                    **PLAGER SCHACK LLP**

26                                            By: /s/Mark H. Plager/
                                              Mark H. Plager
27                                            Attorneys for Plaintiff Gotham Insurance
                                              Company
28

---

STIPULATION AND ORDER GRANTING DECREE OF FINAL INTERPLEADER AND
DISMISSAL OF PLAINTIFF GOTHAM INSURANCE COMPANY

1  Dated:  January 6, 2015                **BAER & TROFF, LLP**

2                                    By:  /s/ Eric Troff/
3                                         Eric Troff
                                          Attorneys  for  Defendants  and  Cross-
                                          claimants Instacare Corp. and PharmaTech
4                                         Solutions, Inc.

5  Dated:  January 6, 2015                **OGLOZA FORTNEY LLP**

6
7                                    By:  /s/ David C. Fortney/
                                          David C. Fortney
8                                         Attorneys  for  Defendant  and  Counter-
                                          claimant Shasta Technologies, LLC, and
                                          Defendants Calvin A. Knickerbocker, Jr.
9                                         and Calvin A. Knickerbocker III

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

STIPULATION AND ORDER GRANTING DECREE OF FINAL INTERPLEADER AND
DISMISSAL OF PLAINTIFF GOTHAM INSURANCE COMPANY

## <u>ORDER</u>

The court has before it the parties' Stipulation and Proposed Order for Entry of Final Decree of Interpleader and Dismissal of Plaintiff Gotham Insurance Company ("Plaintiff")..

Plaintiff filed this interpleader action in August 2013.    This was the second of two interpleader cases Plaintiff has filed involving the insurance policy which is the subject matter of this action.  The first case ("Gotham I") was settled and dismissals were filed in that action. Defendants Shasta Technologies, LLC ("Shasta"), Pharmatech Solutions, Inc. ("Pharmatech"), and Instacare, Inc. ("Instacare" aka Decision Diagnostics) each filed answers to the original complaint in this case.    Shasta also filed a Counter-claim against Plaintiff alleging breach of contract and breach of the covenant of good faith and fair dealing.

Pursuant to stipulation, Plaintiff then filed a First Amended Complaint containing the following causes of action:

1.    Interpleader Against Defendants Shasta, Pharmatech, and Instacare;

2.    Declaratory Relief Against Defendants Shasta, Pharmatech, and Instacare;

3.    Breach of the Written Settlement Agreement in Gotham I Against Defendant Shasta Only;

4.    Promise Made with No Intention Performing Against Defendants Shasta, Knickerbocker Jr. and Knickerbocker III; and

5.    Fraud  Against Defendants Shasta, Knickerbocker Jr. and Knickerbocker III.

All Defendants answered the First Amended Complaint.   Defendant Shasta, concurrent with its Answer to the First Amended Complaint, asserted  Counter-claims against Plaintiff alleging breach of contract and breach of the covenant of good faith and fair dealing.   Plaintiff has filed a motion to dismiss Shasta's counter-claims which is scheduled for hearing on February 12, 2015.

Defendants and Cross-claimants Pharmatech and Decision Diagnostics fka Instacare filed a Cross-claim against Defendants and Cross-defendants Shasta, Kinckerbocker Jr. and Knickerbocker III alleging:

---

1       1.      Breach of the Written Settlement Agreement in Gotham I; and

2       2.      Promise Made with No Intention Performing.

3 Defendants and Cross-defendants Shasta, Knickerbocker Jr. and Knickerbocker III have answered

4 the Cross-claim of Pharmatech and Decision Diagnostics fka Instacare.

5       The Clerk has not entered any default, and no motion for default judgment has been filed

6 by any party.   The parties have now reached a settlement and stipulation as set forth above, as

7 between Gotham, on the one hand, and the Defendants, on the other hand, by which Gotham will

8 be dismissed from the action and the Defendants will continue to assert their claims to the

9 interplead insurance proceeds on deposit with the Clerk of the Court.  The parties now ask the

10 Court to enter an order discharging Plaintiff from liability relating to the proceeds, enjoining the

11 Defendants from initiating any action against Plaintiff relating to the policy, and dismissing the

12 claims against Plaintiff, including dismissal of all of Plaintiff's claims except for the interpleader

13 and declaratory relief claims.

14       The Court acknowledges that the Court has diversity jurisdiction over this interpleader

15 action.   A plaintiff with a risk of exposure to multiple liability from claimants may use

16 interpleader to join these claimants as defendants and require them to interplead. Interpleader

17 actions typically involve two stages. First, a court will decide whether interpleader is appropriate.

18 If so, then the court may order the plaintiff to deposit the disputed funds, discharge the

19 plaintiff, and direct the claimants to interplead. At the second stage, the court will adjudicate

20 the defendants' competing claims, with the action proceeding as any other civil action. Wells

21 Fargo Bank, N.A. v. The Magellan Owners Ass'n, CV-09-587-PHX-MHM, 2010 WL 46794

22 at *2 (D. Ariz. Jan. 4, 2010); see also 7 Charles Alan Wright & Arthur R. Miller, Federal

23 Practice and Procedure § 1704 (3d ed.).

24       Here, the Court has already ordered the funds deposited with the Clerk of the Court and

25 Plaintiff has deposited the funds which are the subject of the interpleader action.  Plaintiff has

26 submitted evidence that it faces exposure to multiple liability, and has averred that it is a

27 disinterested party with no claim to the insurance proceeds. Each defendant has filed a claim with

28 plaintiff, asserting that they are entitled to the insurance proceeds. Plaintiff cannot distribute the

---

STIPULATION AND ORDER GRANTING DECREE OF FINAL INTERPLEADER AND
DISMISSAL OF PLAINTIFF GOTHAM INSURANCE COMPANY

proceeds, which are a limited fund, without exposing itself to liability or litigation from the other defendants, all of whom have claimed an interest in the proceeds. Exposure to multiple claims for the proceeds of an insurance policyis one type of action for which interpleader is appropriate. Thus, Plaintiff has established its right to interpleader, and is entitled to be dismissed from this action.

Based on the foregoing facts and the stipulation of the parties, **IT IS ORDERED THAT:**

1.  The Clerk of the Court shall enter a final decree of interpleader in favor of Plaintiff Gotham Insurance Company;

2.  Plaintiff Gotham Insurance Company is dismissed from this case with prejudice;

3.  All of the claims of Defendant and Counter-claimant Shasta Technologies, LLC contained in its Answer and Counter-claim filed on September 15, 2014, against Plaintiff and Counter-defendant Gotham Insurance Company are dismissed with prejudice;

4.  From Plaintiff Gotham Insurance Company's First Amended Complaint, the Third Cause of Action for Breach of Written Settlement, Fourth Cause of Action for Promise Made with No Intention to Perform, and Fifth Cause of Action for Fraud, against Defendants Shasta Technologies, LLC, Calvin Knickerbocker, Jr. and Calvin Knickerbocker III, respectively, are dismissed with prejudice;

5.  Defendants, and each of them, are hereby permanently enjoined from instituting or prosecuting any proceedings against Plaintiff in any way relating to the insurance policy or its proceeds which is the subject matter of this action.  However, should Plaintiff institute any action against Defendants, Defendants shall retain the right to assert all defenses, including affirmative defenses, and, Defendants shall retain the right to file and prosecute any cross-claim in such action by Plaintiff, whether compulsory or permissive, provided that the facts and events giving rise to any such cross-claim must have occurred after the date on which this order was entered. This injunction precludes any claims existing, arising or accruing prior to the date of this order, and Defendants are permanently barred from raising any claims that

1 were, or could have been asserted prior to the date of this order;

2 6. The Defendants are deemed to have each filed a claim to the Policy Proceeds on deposit with the Court.  Proceeds that are deemed unclaimed after resolution of the Defendants' respective claims shall be deposited in the United States Treasury in accordance with 28 U.S.C. § 2042;

6 7. No award of attorney's fees or costs shall be assessed at this time pursuant to the parties' Settlement Agreement, with Defendants each reserving the right to assert a claim for attorney's fees and costs as against each other in conjunction with their respective claims against each other;

10 8. The Court hereby retains jurisdiction over the case for purposes of determination of claims between the Defendants, and for purposes of enforcing the Settlement Agreement.

DATED this ___ day of February, 2015.

Honorable Beth Labson Freeman
United States District Court Judge

---

STIPULATION AND ORDER GRANTING DECREE OF FINAL INTERPLEADER AND
DISMISSAL OF PLAINTIFF GOTHAM INSURANCE COMPANY