Eric L. Troff, Esq., CSB #110031
BAER & TROFF, LLP
35 N. Lake Avenue, Ste. 670
Pasadena, CA 91101
(310) 802-4202 telephone
(626) 568-2800 facsimile

Attorneys for Defendants
Instacare Corp. and
PharmaTech Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>Plaintiff in Interpleader,<br><br>vs.<br><br>SHASTA TECHNOLOGIES, LLC, INSTACARE CORP. and PHARMATECH SOLUTIONS, INC.<br><br>Defendants in Interpleader.<br><br>AND RELATED COUNTER-CLAIM<br><br>PHARMATECH SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SHASTA TECHNOLOGIES, LLC,<br><br>Defendant. | Case No.: 5:13-CV-03810-BLF<br>Related to Case No.: 5:14-cv-03682 BLF<br><br>NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS AND SET NEW CASE MANAGEMENT SCHEUDLE AND TRIAL DATE; AND<br><br>DELCARATION OF ERIC TROFF, ESQ.; AND<br><br>[PROPOSED] ORDER<br><br>Date:         April 16, 2015<br>Time:         9:00 a.m.<br>Courtroom: 3, 5th FL<br><br>BEFORE THE HONORABLE BETH LABSON FREEMAN |

*1*

DEFENDANT PHARMATECH'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES

**PLEASE TAKE NOTICE THAT** on April 16, 2015, at 9:00 a.m., in Courtroom 3, 5th FL, of the above entitled Court, located at 280 S. 1st Street, San Jose, California 95113, Defendant PharmaTech Solutions, Inc. will move this Court for an Order consolidating for all purposes the captioned and related cases. This Motion is brought pursuant to FRCP 42(a), and is based on the fact that there are common questions of law and fact pertaining to both cases such that judicial economy and efficiency will be better promoted by consolidation, especially as the trial of these case separately could result in inconsistent verdicts and/or judgments if all issues in the related cases between the same parties and involving many of the same documents are not tried together. Consequently, PharmaTech respectfully requests that the case be consolidated and tried at the same time under a new Case Management Order and trial date. Defendant Shasta Technologies, LLC does not oppose this Motion or the [Proposed] Order submitted herewith, but reserves its rights to file a motion to dismiss PharmaTech's Complaint in Case No. 5:14-cv-03682.

PharmaTech respectfully requests that this hearing be advanced to the same date and time as the impending Case Management Conference to be held in the related matter, Case No. 14-03682, on March 26, 2015, at 1:30 p.m.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Eric Troff, Esq., and upon such other and further evidence and argument as may be adduced at the time of hearing.

DATED: 3/9, 2015

BAER & TROFF LLP

By: _____
ERIC TROFF,
Attorneys for Defendant
PharmaTech Solutions, Inc.

2

DEFENDANT PHARMATECH'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Motion involves two cases that have already been deemed related and are pending before this Court: (i) that Interpleader Action entitled *Gotham Insurance Company v. Shasta Technologies, LLC, InstaCare, and PharmTech Solutions, Inc.*, Case No. 13-3810) ; and (ii) that Declaratory Relief Action entitled *PharmaTech Solutions, Inc. v. Shasta Technologies, LLC*, Case No. 14-3682.

As will be set forth hereafter, both cases involve the same parties, and raise common and overlapping issues of fact and law. Consequently, for purposes of judicial economy and efficiency, and to prevent the possibility of conflict verdicts or findings, this Court should consolidate these related cases, and try them at the same time under a new Case Management Order and trial date.[1]

### II. CONSOLIDATION IS APPROPRIATE UNDER FRCP 42 WHERE THERE ARE COMMON ISSUES OF LAW AND FACT

Federal Rule of Civil Procedure Section 42 states:

"(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

---

[1] Initially, Shasta's counsel, David Fortney, had offered to prepare this Motion and was in agreement that the cases should be consolidated. Mr. Fortney then objected to the consolidation

claims, cross claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

The purpose of consolidation is to enhance court efficiency, i.e., avoid duplication of witnesses, evidence, and procedures, and to avoid the substantial danger of inconsistent adjudications, i.e., inconsistent judgments and/or findings because the issues are tried before different juries, or a judge and a jury, etc. (See *E.E.O.C. v. HBE Corp.* (8th Cir. 1998) 135 F.3d 543, 551.)

Here, consolidation is appropriate.

### a. The Interpleader Action

In brief synopsis, the Interpleader Action arises out of Gotham's defense of its insureds Shasta and PharmaTech in that matter entitled *Lifescan Scotland Ltd. v. Shasta Technologies, LLC*, et. al., Case, No. CV11-04494 (U.S.D.C. N.D. Cal. San Jose Div.) (Hereafter the "Patent Litigation"). In the Patent Litigation, Lifescan is contending that Shasta, as the owner of a glucose test strip called the GenStrip, and PharmaTech, as the distributor thereof, are infringing on Lifescan's patent for a similar diagnostic test strip. (Troff Decl.)

Gotham has been defending both Shasta and PharmaTech in the Patent Litigation, each with separate counsel, pursuant to its Policy, and has now interpleaded the remaining Policy limits of approximately $578,000.00, as there is a dispute over how the remaining Policy limits should be paid, i.e., what portion should go to Shasta and what portion should go to PharmaTech. An initial Interpleader Action filed by Gotham was settled by an agreement providing that, *inter alia*, that Shasta's and PharmaTech's counsel would each be paid in accordance with the Gotham Policy (hereafter the "Gotham I Settlement"). Because Shasta refused to accept Gotham's interpretation of how its counsel should be paid under the Policy, Gotham filed the instant Interpleader Action to again determine how the remaining policy limits would be

*4*
DEFENDANT PHARMATECH'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES

paid out, i.e., Shasta refused to accept Gotham's allocation of Policy proceeds wherein Gotham was only paying 50% of Ropers' bills because Ropers was also defending a non insured under the Policy, Conductive Technologies, Inc., the manufacturer of the GenStrip, which also a defendant in the Patent Litigation. (Troff Dec.)

Accordingly, PharmaTech brought a Cross-Claim against Shasta in the Instant Interpleader Action alleging two causes of action for: (i) breach of the Gotham I Settlement; and (ii) fraud-promise with no intention of performing, arising out of Shasta's failure to honor the Gotham I Settlement.

Shasta now relies on a binding Term Sheet that was executed on or about March 18, 2014, after the Gotham I Settlement and the filing of the instant Interpleader Action. Under this Term Sheet, Shasta agreed to sell the GenStrip to PharmaTech for $2 million. The parties also agreed that Shasta's counsel, Ropers, Majeski, Kahn & Bentley (hereafter "Ropers") would receive $478,000.00 of the interpleader monies. (Troff Decl.) Shasta contends this binding Term Sheet resolves the allocation of the funds interpleaded into this Court by providing that $478,000.00 in interpleader monies would be paid to Ropers.

PharmaTech disputes that specific performance of that provision of the Term Sheet allocating $478,000.00 to Ropers' is unenforceable under Civil Code Section 3391 as: (i) Shasta failed to substantially perform under the Term Sheet; and (ii) PharmaTech's consent to the Roper's payment was made in mistake and would be unfair, as PharmaTech's forensic experts have concluded that that Roper's bills for $478,000.00 constitute work that was either unnecessary, redundant, or over billed. PharmaTech did not know this at the time the Term Sheet was signed as Ropers' bills were not produced to PharmaTech until much later during the discovery in this case. *(Infra.)*(Troff Decl.)

b. **The Declaratory Relief Action**

The issue in the Declaratory Relief Action is whether: (i) Shasta can still enforce the purchase price provision of the binding Term Sheet which PharmaTech agreed to purchase the GenStrip from Shasta for $2 million; or (ii) whether PharmaTech is entitled to offset from this purchase price its damages in attempting to comply with the FDA's concerns with the GenStrip after it was discovered that Shasta had failed to fully inform PharmaTech at the time the Term Sheet was executed of its prior failures to comply with the FDA's regulations pertaining to the GenStrip. (Troff Decl.)

Shasta has not sued PharmaTech over the $2 million purchase price. Thus, PharmaTech has brought the instant Declaratory Relief Action, as the Declaratory Relief Judgment Act is "intended to fix the problem when the other side does not sue." (See *Sony Electronics, Inc. v. Guardian media Technologies, Ltd.* (7th Cir. 2007) 497 F.2d 1271, 1284.) It permits parties uncertain of their obligations to avoid incurring liability for damages by obtaining a declaratory judgment in advance of performance. (See *Societe de Conditionnment v. Hunter Eng. Co, Inc.*, (9th Cir. 1981) 655 F.2d 938, 943.) It prevents avoidable damages by a person who is not certain of his rights "and affords him (or her) an early adjudication of his (or her) rights without waiting until his (or her) adversary takes injurious action against him (or her)." (See *Heimann v. National Elevator Industry Pension Fund* (5th Cir. 1999) 187 F.3d 493, 511.) In short, the Declaratory Relief Judgment Act promotes judicial efficiency by avoiding multiple actions between the parties. (See *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, *supra*, at 943.) (Troff Decl.)

Given the above, the threshold issue in both of the above cases revolves around this Court's interpretation of the parties' binding Term Sheet. Under the circumstances, there are common questions of law and fact, such as:

- Has there been a total failure of consideration with respect to the Term Sheet;

*DEFENDANT PHARMATECH'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES*

- Whether the Term Sheet is severable and enforceable, in whole or in part;
- Whether Shasta's failure to disclose the nature and severity of FDA's concerns pertaining to the GenStrip at the time the Term Sheet was executed gives PharmaTech the right of a set-off against any obligations Shasta may seek to enforce under the Term Sheet;; and
- Whether PharmaTech is entitled to interpose its affirmative defense that Shasta is not entitled to recover $478,000.00 from the interpleader monies now that PharmaTech's forensic experts have concluded that Roper's bills for $478,000.00 constitute work that was either unnecessary, redundant, or over billed. This is especially relevant as Shasta and PharmaTech also agreed, in settlement of Gotham's first interpleader action, that PhamaTech's patent attorneys, Lathrope & Gage LLP, were to be the lead counsel in the Patent Litigation. (Troff Decl.)

Moreover, separate trials in the Interpleader and Declaratory Relief Actions may result in inconsistent verdicts or findings on the above issues, i.e., a finding in one case that the Term Sheet is enforceable and/or severable, or that there is no excuse for non performance, while opposite findings may be rendered in the other case, i.e., impossibility of performance, non severability of terms, and excuses for non performance, etc. This is especially true, if parts of either case are tried to different juries, or to a judge and a jury on one case, but not the other. (Troff Decl.)

Such may be the case here, as Shasta has filed a Motion to Dismiss the Declaratory Relief Action on the ground of lack of complete diversity. This Motion is currently set to be heard by this Court on May 7, 2015, three days *after* the Interpleader Action is scheduled to commence trial. If the Declaratory Relief Action is not

7

*DEFENDANT PHARMATECH'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES*

consolidated, and is dismissed, it will have to be tried in a different forum, i.e., a California state court, or possibly in an arbitration, thus increasing the chances that conflicting interpretations and rulings with respect to the Term Sheet will occur. (Troff Decl.)

Finally, now that the Plaintiff in the Interpleader Action, Gotham Insurance Company (hereafter "Gotham") has been dismissed pursuant to the Stipulation of the parties, and this Court's Order, the remaining parties in both cases are identical: (i) PharmaTech Solutions, Inc. (hereafter "PharmaTech") and (ii) Shasta Technologies, LLC (hereafter "Shasta.) (Troff Decl.)[2]

Consequently, PharmaTech respectfully requests that this Court consolidate both the Interpleader Action and the Declaratory Relief Action.

## III. THE COURT SHOULD SET A NEW CASE MANAGEMENT SCHEDULE AND TRIAL DATE BASED ON THE CONSOLIDATION

Under the Court's authority to make any other orders in connection with a consolidation, the Court should establish a new Case Management Schedule and trial date for the consolidated actions. This is warranted, as the discovery with respect to the Declaratory Relief action, including the depositions of various FDA officials, and the retention of FDA and marketing experts has yet to commence. Thus, these issues will not be ready for trial on May 4, 2015 when the Interpleader Action is scheduled to commence. (Troff Dec.)

---

[2] Defendant InstaCare, Inc. in the Interpleader Action, which changed its name to Decision Diagnostics is merely the parent company of PharmaTech, and nothing more than a nominal party. (Troff Decl.)

## IV. CONCLUSION

For all the forgoing reasons, this Court should grant PharmaTech's Motion and consolidate the Interpleader and Declaratory Relief Actions, and should set a new Case Management Order and trial date for the same.

DATED: 3/9, 2015          BAER & TROFF LLP

By: _____
ERIC TROFF,
Attorneys for PharmaTech Solutions, Inc.

## DECLARATION OF ERIC TROFF, ESQ.

I, ERIC TROFF, declare:

1. I am an attorney duly authorized to appear before all courts in the state of California, including, but not limited to the United States District Court for the Northern District of California. I am a partner in Baer & Troff LLP, counsel of record for Defendants PharmaTech Solutions, Inc. and InstaCare Corp., Inc. I am the chief trial attorney on this case. As such, I am personally familiar with all documents on file herein, and have personal knowledge of all facts as stated in this Declaration. If called to testify, I could competently testify to the following.

2. In brief synopsis, the Interpleader Action arises out of Gotham's defense of its insureds, Shasta and PharmaTech in that matter entitled *Lifescan Scotland Ltd. v. Shasta Technologies, LLC, et. al.*, Case, No. CV11-04494 (U.S.D.C. N.D. Cal. San Jose Div.) (Hereafter the "Patent Litigation"). In the Patent Litigation, Lifescan is contending that Shasta, as the owner of a glucose test strip called the GenStrip, and PharmaTech, as the distributor thereof, are infringing on Lifescan's patent for a similar diagnostic test strip.

3. Gotham has been defending both Shasta and PharmaTech in the Patent Litigation, each with separate counsel, pursuant to its Policy, and has now interpleaded the remaining Policy limits of approximately $578,000.00, as there is a dispute over how the remaining Policy limits should be paid, i.e., what portion should go to Shasta and what portion should go to PharmaTech. An initial Interpleader Action filed by Gotham was settled by an agreement providing that, *inter alia*, that Shasta's and PharmaTech's counsel would each be paid in accordance with the Gotham Policy (hereafter the "Gotham I Settlement"). Because Shasta refused to accept Gotham's interpretation of how its counsel should be paid under the Policy, Gotham filed the

instant Interpleader Action to again determine how the remaining policy limits would be paid out, i.e., Shasta refused to accept Gotham's allocation of Policy proceeds wherein Gotham was only paying 50% of Ropers' bills because Ropers was also defending a non insured under the Policy, Conductive Technologies, Inc., the manufacturer of the GenStrip, which also a defendant in the Patent Litigation.

4. Accordingly, PharmaTech brought a Cross-Claim against Shasta in the Instant Interpleader Action alleging two causes of action for: (i) breach of the Gotham I Settlement; and (ii) fraud-promise with no intention of performing, arising out of Shasta's failure to honor the Gotham I Settlement.

5. Shasta now relies on a binding Term Sheet that was executed on or about March 18, 2014, after the Gotham I Settlement and the filing of the instant Interpleader Action. Under this Term Sheet, Shasta agreed to sell the GenStrip to PharmaTech for $2 million. The parties also agreed that Shasta's counsel, Ropers, Majeski, Kahn & Bentley (hereafter "Ropers") would receive $478,000.00 of the interpleader monies. (Troff Decl.) Shasta contends this binding Term Sheet resolves the allocation of the funds interpleaded into this Court by providing that $478,000.00 in interpleader monies would be paid to Ropers.

6. PharmaTech disputes that specific performance of that provision of the Term Sheet allocating $478,000.00 to Ropers' is unenforceable under <u>Civil Code</u> Section 3391 as (i) Shasta failed to substantially perform under the Term Sheet; and (ii) PharmaTech's consent to the Roper's payment was made in mistake and would be unfair, as PharmaTech's forensic experts have concluded that that Roper's bills for $478,000.00 constitute work that was either unnecessary, redundant, or over billed. PharmaTech did not know this at the time the Term Sheet was signed as Ropers' bills were not produced to PharmaTech until much later during the discovery in this case. *(Infra.)*

7. The issue in the Declaratory Relief Action is whether: (i) Shasta can still enforce the purchase price provision of the binding Term Sheet which PharmaTech agreed to purchase the GenStrip from Shasta for $2 million; or (ii) whether PharmaTech is entitled to offset from this purchase price its damages in attempting to comply with the FDA's concerns with the GenStrip after it was discovered that Shasta had failed to fully inform PharmaTech at the time the Term Sheet was executed of its prior failures to comply with the FDA's regulations pertaining to the GenStrip.

8. Shasta has not sued PharmaTech over the purchase price. Thus, PharmaTech has brought the instant Declaratory Relief Action, as it is my understanding that the Declaratory Relief Judgment Act is "intended to fix the problem when the other side does not sue." (See *Sony Electronics, Inc. v. Guardian media Technologies, Ltd.* (7th Cir. 2007) 497 F.2d 1271, 1284.) It permits parties uncertain of their obligations to avoid incurring liability for damages by obtaining a declaratory judgment in advance of performance. (See *Societe de Conditionnment v. Hunter Eng. Co, Inc.*, (9th Cir. 1981) 655 F.2d 938, 943.) It prevents avoidable damages by a person who is not certain of his rights "and affords him (or her) an early adjudication of his (or her) rights without waiting until his (or her) adversary takes injurious action against him (or her." (See *Heimann v. National Elevator Industry Pension Fund* (5th Cir. 1999) 187 F.3d 493, 511.) In short, the Declaratory Relief Judgment Act promotes judicial efficiency by avoiding multiple actions between the parties. (See *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, supra, at 943.)

9. Given the above, the threshold issue in both of the above cases revolves around this Court's interpretation of the parties' binding Term Sheet. Under the circumstances, there are common questions of law and fact, such as:

- Has there been a total failure of consideration with respect to the Term Sheet;

- Whether the Term Sheet is severable and enforceable, in whole or in part;
- Whether Shasta's failure to disclose the nature and severity of FDA's concerns pertaining to the GenStrip at the time the Term Sheet was executed gives PharmaTech the right of a set-off against any obligations Shasta may seek to enforce under the Term Sheet;; and
- Whether PharmaTech is entitled to interpose its affirmative defense that Shasta is not entitled to recover $478,000.00 from the interpleader monies now that PharmaTech's forensic experts have concluded that Roper's bills for $478,000.00 constitute work that was either unnecessary, redundant, or over billed. This is especially relevant as Shasta and PharmaTech also agreed, in settlement of Gotham's first interpleader action, that PhamaTech's patent attorneys, Lathrope & Gage LLP, were to be the lead counsel in the Patent Litigation.

10. Moreover, separate trials in the Interpleader and Declaratory Relief Actions may result in inconsistent verdicts or findings on the above issues, i.e., a finding in one case that the Term Sheet is enforceable and/or severable, or that there is no excuse for non performance, while opposite findings may be rendered in the other case, i.e., impossibility of performance, non severability of terms, and excuses for non performance, etc. This is especially true, if parts of either case are tried to different juries, or to a judge and a jury on one case, but not the other.

11. Such may be the case here, as Shasta has filed a Motion to Dismiss the Declaratory Relief Action on the ground of lack of complete diversity. This Motion is currently set to be heard by this Court on May 7, 2015, three days *after* the Interpleader Action is scheduled to commence trial. If the Declaratory Relief Action is not

*13*

consolidated, and is dismissed, it will have to be tried in a different forum, i.e., a California state court, or possibly in an arbitration, thus increasing the chances that conflicting interpretations and rulings with respect to the Term Sheet will occur.

12. Finally, now that the Plaintiff in the Interpleader Action, Gotham Insurance Company (hereafter "Gotham") has been dismissed pursuant to the Stipulation of the parties, and this Court's Order, the remaining parties in both cases are identical: (i) PharmaTech Solutions, Inc. (hereafter "PharmaTech") and (ii) Shasta Technologies, LLC (hereafter "Shasta.) (Troff Decl.)[3]

13. Initially, Shasta's counsel, David Fortney, had offered to prepare this Motion and was in agreement that the cases should be consolidated. Mr. Fortney then objected to the consolidation at the February 5, 2015 Case Management Conference on the ground that the Court might not have an available trial date until the end of 2015 or early 2016. Settlement discussions have been on-going since then. In the interim PharmaTech has taken the "laboring oar" on the Motion to Consolidate. Mr. Fortney has now informed me that Shasta does not intend to oppose this Motion to Consolidate, but Shasta is reserving its right to bring a motion to dismiss PharmaTech's Declaratory Relief Action, Case No. 14-3682.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 9th day of March 2015 at Pasadena, California.

ERIC TROFF

[3] Defendant InstaCare, Inc. in the Interpleader Action, which changed its name to Decision Diagnostics is merely the parent company of PharmaTech, and nothing more than a nominal party.

# [PROPOSED] ORDER RE MOTION FOR CONSOLIDATION

The Motion of Defendant PharmaTech Solutions, Inc. to consolidate the captioned cases was heard on _____, 2015, in Courtroom 3, Floor 5, of the above entitled Court, the Honorable Beth Labson Freeman, Judge Presiding. Eric Troff, Esq., of Baer & Troff LLP, appeared on behalf of PharmaTech Solutions, Inc., and David Fortney, Esq., of Ogloza and Fortney LLP, appeared on behalf of Defendant Shasta Technologies, LLC.

After consideration of all papers submitted, and the oral argument of counsel, AND GOOD CAUSE APPEARING, the Motion is granted.

IT IS HEREBY ORDERED THAT:

1. The captioned cases are hereby consolidated for all purposes;
2. The May 4, 2015 trial date in Case No. 13-cv-3810 BLF is hereby vacated and the continued to _____;
3. The parties are to submit a new Joint Case Management Statement proposing a new pre-trial schedule for discovery and experts, etc. by _____; and
4. The Court sets a Case Management Conference in the consolidated matters for _____.

DATED:_____, 2015    _____
                        JUDGE OF THE UNITED STATES DISTRICT COURT