Eric L. Troff, Esq., CSB #110031
BAER & TROFF, LLP
35 N. Lake Avenue, Ste. 670
Pasadena, CA 91101
(310) 802-4202 telephone
(626) 568-2800 facsimile

Attorneys for Defendants
Instacare Corp. and
PharmaTech Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM INSURANCE COMPANY, | Case No.: 5:13-CV-03810-BLF |
| Plaintiff in Interpleader, | |
| vs. | STIPULATION RE PRODUCTION OF LIFESCAN SETTLEMENT AGREEMENT; AND |
| SHASTA TECHNOLOGIES, LLC, INSTACARE CORP. and PHARMATECH SOLUTIONS, INC. | [PROPOSED] ORDER THEREON |
| Defendants in Interpleader. | |
| AND RELATED COUNTER-CLAIM. | |

WHEREAS, Defendant PharmaTech Solutions, Inc. (hereafter "PharmaTech") propounded a First Request for the Production of Documents on Defendant Shasta Technologies, LLC (hereafter " Shasta") seeking, essentially, the following categories of documents: (i) that Settlement Agreement reached between LifeScan Scotland Ltd. on the one had, and Shasta and Conductive Technologies, Inc. (hereafter "CTI"), on the

*1*

*STIPULATION AND PROPOSED ORDER*

other hand, in that matter entitled *LifeScan Scotland Ltd. v. Shasta Technologies, LLC, et. al.*, Case, No. CV11-04494 (U.S.D.C. N.D. Cal. San Jose Div.) (hereafter the "Patent Litigation"), and all related documents thereto; (ii) all communications between LifeScan, one the one hand, and Shasta, and Conductive Technologies, Inc. (hereafter "CTI") on the other hand, pertaining to the Settlement; and (iii) all communications between Shasta and CTI pertaining to the LifeScan Settlement; and

    WHEREAS, Shasta has objected to PharmaTech's Document Demand on a variety of grounds, including various asserted privileges, and the agreement of the parties to the LifeScan Settlement to keep the LifeScan Settlement and its terms "confidential;" and

    WHEREAS, counsel for Shasta and PharmaTech have met and conferred in good faith to resolve this discovery dispute without the necessity of a formal Motion to Compel;

    NOW THEREFORE THE PARTIES HEREBY AGREE AND STIPULATE, through their respective counsel of record, as follows:

1. Shasta's counsel will produce to PharmaTech's counsel the LifeScan Settlement within five business days after this Stipulation and Proposed Order is signed by the Court.

2. The LifeScan Settlement Agreement will be marked "Confidential-Attorneys' Eyes only."

3. The undersigned counsel for PharmaTech will be the only person entitled to review the LifeScan Settlement, and said counsel will not allow any other person, including any person from PharmaTech, to review the LifeScan Settlement, nor will PharmaTech's counsel disclose the contents of the LifeScan Settlement to any person during counsel's review.

4. If, after such review, the undersigned counsel for PharmaTech believes in good faith that the LifeScan Settlement is relevant to PharmaTech's defenses and position in the captioned Interpleader Action, and should not be marked either "confidential," or "for attorneys' eyes only," counsel shall so inform Shasta's counsel in writing with the reasons therefore set forth. The parties agree to meet and confer about any such communication within three (3) days.

5. Thereafter, counsel for PharmaTech may make whatever motion is necessary to the Court to declassify the LifeScan Settlement as either "confidential," and/or "for attorneys' eyes only."

6. Counsel for PharmaTech may also include in said Motion a motion to compel production of: (i) all documents related to the LifeScan Settlement; (ii) all communications between LifeScan, one the one hand, and Shasta, and Conductive Technologies, Inc. (hereafter "CTI") on the other hand, pertaining to the Settlement; and (iii) all communications between Shasta and CTI pertaining to the LifeScan Settlement. Shasta reserves the right to oppose any such motion.

7. During the pendency of said Motion, counsel for PharmaTech shall continue to treat the LifeScan Settlement as "confidential" and "for attorneys' eyes only" until the Motion is decided.

8. If counsel for Shasta believes in good faith that the LifeScan Settlement should be filed under seal in connection with said Motion, Shasta's counsel shall have the burden of moving the Court to have the LifeScan Settlement filed under seal.

9. The parties hereto agree that should there be in the event of a breach of this Stipulation, the aggrieved party shall be entitled to seek injunctive relief from this Court.

DATED: 12/4, 2015

BAER & TROFF LLP

By: _____
ERIC TROFF,
Attorneys for Defendants
Instacare Corp. and Pharmatech Solutions, Inc.

DATED: 12/4, 2015

OGLOZA FORTNEY LLP

By: _____
DAVID FORTNEY,
Attorneys for Defendant
Shasta Technologies, LLC

4

*STIPULATION AND* ~~*PROPOSED*~~ *ORDER*

## [PROPOSED] ORDER

Pursuant to the Stipulation of counsel, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:

1. Shasta's counsel will produce to PharmaTech's counsel the LifeScan Settlement within five business days after this Stipulation and Proposed Order is signed by the Court.

2. The LifeScan Settlement Agreement will be marked "Confidential-Attorneys' Eyes only."

3. Counsel for PharmaTech will be the only person entitled to review the LifeScan Settlement, and said counsel will not allow any other person, including any person from PharmaTech, to review the LifeScan Settlement, nor will PharmaTech's counsel disclose the contents of the LifeScan Settlement to any person during counsel's review.

4. If, after such review, counsel for PharmaTech believes in good faith that the LifeScan Settlement is relevant to PharmaTech's defenses and position in the captioned Interpleader Action, and should not be marked either "confidential," or "for attorneys' eyes only," counsel shall so inform Shasta's counsel in writing with the reasons therefore set forth.

5. Thereafter, counsel for PharmaTech may make whatever motion is necessary to the Court to declassify the LifeScan Settlement as either "confidential," and/or "for attorneys' eyes only."

6. Counsel for PharmaTech may also include in said Motion a motion to compel production of: (i) all documents related to the LifeScan Settlement; (ii) all communications between LifeScan, one the one

hand, and Shasta, and Conductive Technologies, Inc. (hereafter "CTI") on the other hand, pertaining to the Settlement; and (iii) all communications between Shasta and CTI pertaining to the LifeScan Settlement. Shasta shall have the right to oppose any such motion.

7. During the pendency of said Motion, counsel for PharmaTech shall continue to treat the LifeScan Settlement as "confidential" and "for attorneys' eyes only" until the Motion is decided.

8. If counsel for Shasta believes in good faith that the LifeScan Settlement should be filed under seal in connection with said Motion, Shasta's counsel shall have the burden of moving the Court to have the LifeScan Settlement filed under seal.

9. Should there be any breach of this Stipulation, the aggrieved party aggrieved may seek whatever injunctive relief is appropriate from this Court.

DATED: December 7, 2015          _____
                                  UNITED STATES MAGISTRATE JUDGE