"
Eric L. Troff, Esq., CSB #110031
BAER & TROFF, LLP
35 N. Lake Avenue, Ste. 670
Pasadena, CA 91101
(310) 802-4202 telephone
(626) 568-2800 facsimile

Attorneys for Defendants
Instacare Corp. and
PharmaTech Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>Plaintiff in Interpleader,<br><br>vs.<br><br>SHASTA TECHNOLOGIES, LLC, INSTACARE CORP. and PHARMATECH SOLUTIONS, INC.<br><br>Defendants in Interpleader,<br><br>AND RELATED COUNTER-CLAIM. | Case No.: 5:13-CV-03810-BLF<br><br>REPLY TO OPPOSITION TO MOTION TO DE-DESIGNATE LIFESCAN SETTLEMENT AS HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY;<br><br>Date:   April 28, 2016<br>Time:  9:00 a.m.<br>Dept.:  3, 5th FL |

*1*

I.  **SHASTA HAS FAILED TO DEMONSTRATE ANY LEGITIMATE BASIS FOR KEEPING THE LIFESCAN SETTLEMENT HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

Rule 26(g) of the Federal Rules of Civil Procedure makes plain that by designating a document, thing, material, testimony or other information derived therefrom as "confidential," the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation.

In the present case, Shasta contends that "a disclosure of several of the [LifeScan] settlement terms could prove prejudicial to LifeScan and advantageous to PharmaTech in the ongoing [Patent] litigation. (Opposition at p. 2, lns. 22-24.) Nevertheless, Shasta has declined, however, to file any portion of its Opposition under seal in support of its vague and undefined claim.

A review of the LifeScan Settlement shows that it contains no technical information pertaining to the LifeScan patents at issue in the Patent Litigation; reveals no competitive marketing strategy; and discloses no trade secrets belonging to Shasta, LifeScan or CTI. Thus, there is no factual, technical or scientific basis on which to keep the LifeScan Settlement "Highly Confidential-Attorneys' Eyes Only."

Shasta's sole argument, apparently, is that because Shasta settled with LifeScan, a disclosure of the settlement terms will give PharmaTech an unfair advantage in any settlement negotiations it might conduct with LifeScan. This argument is more flash than substance.

To begin with, no settlement discussions between LifeScan and PharmaTech are scheduled, or even contemplated. Indeed, PharmaTech has already defeated one of LifeScan's patent infringement claims, which ruling in PharmaTech's favor was recently affirmed on appeal. Under the circumstances, unlike Shasta, PharmaTech does not intend to suddenly admit patent infringement in the hopes of making a deal with LifeScan.

Moreover, it is undisputed that LifeScan has already given a copy of the LifeScan Settlement to PharmaTech's counsel in the Patent Litigation, William A. Rudy. Accordingly, if any settlement discussions were to take place between PharmaTech and LifeScan, PharmaTech's counsel already knows what the general parameters of a fair settlement should be.

Finally, Shasta argues that the terms of the LifeScan Settlement should not be "disclosed to PharmaTech's executives" (Opposition at p. 2, lns. 25-27.) Shasta exaggerates. PharmaTech's principal, President and Chief Executive Officer is one person, Keith Berman. (See Berman Decl. already on file herein.)

In sum, it is simply unfair that the collusive terms of the LifeScan Settlement which now drastically affect PharmaTech's ability to purchase materials for the GenStrip and to sell the same in the general market place, are to be kept from PharmaTech's principal, Keith Berman. For the same reason, Baer & Troff LLP should not be precluded from preparing Mr. Berman for his testimony on the damage that Shasta's actions have caused his company. In short, there is no justification for permitting Shasta, LifeScan, and CTI to agree to harm PharmaTech in secret.

## II. CONTRARY TO SHASTA'S ARGUMENT, PHARMATECH IS NOT IN THE SAME POSITION IT WOULD HAVE BEEN IN WITH RESPECT TO THE GENSTRIP HAD THE PARTIES NOT ENTERED INTO THE LIFESCAN SETTLEMENT

Shasta argues the LifeScan Settlement has not changed PharmaTech's ability to purchase the GenStrip from Shasta, and that PharmaTech remains in the same position as before. (Opposition at p 6, lns. 26-28 and p. 7, lns. 1-3.) Shasta's counsel states: "section 4.6 of the LifeScan Settlement *expressly provides* that it is not intended to prevent or restrict the kind of *asset acquisition* contemplated by the binding Term Sheet. (*Id.* at p. 6, lns. 26-28.) (Italics in original.)

3

In making this argument Shasta's counsel has come dangerously close to revealing one of the express terms of the LifeScan Settlement that he claims must be kept "Highly Confidential," if he has not already done so. PharmaTech's counsel has no intention of compounding the problem other than to direct this Court's attention to Section 4.6 of the LifeScan Settlement, p. 6, second sentence, which, explains the additional condition that must be satisfied before any "asset acquisition" will be permitted –a condition that the Settlement parties have agreed LifeScan, not Shasta, will control.

### III. DESPITE SHASTA'S OPPOSITION, THE LIFESCAN SETTLEMENT REMAINS RELEVANT IN THE INSTANT INTERPLEADER ACTION

Shasta's "back up" argument is that the LifeScan Settlement should be kept "Highly Confidential-Attorneys' Eyes Only," as it is irrelevant to the issues presented in the Interpleader action before this Court. (Opposition, pp.-6-8.) Shasta's argument is an attempted deflection as relevancy is not the criteria by which confidentiality is to be judged. Either there is a legitimate fact based reason for confidentiality, or there is not. Here there is none.

Nevertheless, the LifeScan Settlement remains relevant evidence in the Interpleader action for the following reasons.

> "It is generally recognized that interpleader 'developed in equity and is governed by equitable principles.' [Citations omitted.] ('[I]nterpleader is fundamentally equitable in nature.")). Accordingly, many courts have held that those who have acted in bad faith to create a controversy over the stake may not claim the protection of interpleader. [Citations omitted.] ('Interpleader, which is an equitable remedy, is not available to one who has voluntarily accepted funds knowing they are subject to competing claims.') [Citations omitted.] ('It is the general rule that a party seeking

4

interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader.') [Citations omitted.] ('The equitable doctrine of 'clean hands' applies to interpleader actions. The party seeking interpleader must do equity, not have caused the conflicting claims, and be free from blame in causing the controversy.')"
(See *Lee v. West Coast Life Ins. Co.* (9th Cir. 2012) 688 F.3d 1004, 1012.)

Here, Shasta contends that it is entitled to the "lion's share," if not all, of the Interpleader money as reimbursement for the attorneys' fees and costs it incurred in defending against LifeScan's claims that Shasta's development of GenStrip infringed LifeScan's patents for a similar type II medical device - a position that we now know is wholly disingenuous given that Shasta has admitted this patent infringement.

Moreover, contrary to Shasta's counsel's claim that the LifeScan Settlement was "entered into for *economic reasons*" (Opposition at p. 5, lns. 24-25), it is clear that, without going into greater detail, the LifeScan Settlement was entered into as part of a collusive attempt to give LifeScan leverage over PharmaTech in the Patent Litigation. The LifeScan Settlement is part of this story, along with the Consent Judgment in which Shasta admitted its patent infringement, and is the basis of why the division of the Interpleader funds set forth in the Term Sheet cannot be enforced without violating equity and, perhaps, sanctioning insurance fraud.

## IV. CONCLUSION

For all the forgoing reasons, this Court should grant PharmaTech's Motion and de-designate the LifeScan Settlement as "Highly Confidential-Attorneys' Eyes Only."

DATED: 3/10, 2016

BAER & TROFF LLP

By: _____

ERIC TROFF,
Attorneys for Defendant
PharmaTech Solutions, Inc.

*REPLY TO MOTION TO DE DESIGNATE LIFESCAN SETTLEMENT AS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY*