Eric L. Troff, Esq., CSB #110031
BAER & TROFF, LLP
35 N. Lake Avenue, Ste. 670
Pasadena, CA 91101
(310) 802-4202 telephone
(626) 568-2800 facsimile

Attorneys for Defendants
Decision Diagnostics, fka Instacare Corp., and
PharmaTech Solutions, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM INSURANCE COMPANY, | Case No.: 5:13-CV-03810-BLF |
| Plaintiff in Interpleader, | SECOND AMENDED ANSWER OF DECISION DIAGNOSTICES, INC, fka INSTACARE AND PHARMATECH SOLUTIONS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT. |
| vs. | |
| SHASTA TECHNOLOGIES, LLC, INSTACARE CORP. and PHARMATECH SOLUTIONS, INC. | |
| Defendants in Interpleader. | |

COMES NOW PharmaTech Solutions, Inc. and Decision Diagnostics, Inc., fka Instacare Corp. (hereafter collectively referred to as "PharmaTech") who answer Plaintiff's First Amended Complaint as follows.

## JURISDICTION

1.     In answer to the allegations contained in Paragraph 1 of Plaintiffs First Amended Complaint in Interpleader, these Answering Defendants admit the allegations contained therein.

*I*

2.      In answer to the allegations contained in Paragraph 2 of Plaintiffs First Amended Complaint in Interpleader, these Answering Defendants admit that they are named defendants in the Referenced action of Case No. CV 11-04494 (the "Underlying Litigation"), and that they have appeared in that action. Except as expressly admitted, the allegations of this paragraph are denied.

## THE PARTIES

3.      In answer to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon which to predicate an answer thereto, and based thereon, deny, generally and specifically each of the allegations contained therein.

4.      In answer to the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon which to predicate an answer thereto, and based thereon, deny, generally and specifically each of the allegations contained therein.

5.      In answer to the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that Decision Diagnostics, Inc., fka InstaCare Corp., maintains an office at the street address identified in Paragraph 5, and that Decision Diagnostics is incorporated under the law; of the State of Nevada. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

6.      In answer to the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that PharmaTech Solutions, Inc. maintains an office at the street address identified in Paragraph 6, and that PharmaTech Solutions is incorporated under the laws of the State of Nevada. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

## INTERPLEADER

7.      In answer to the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint in Interpleader, Answering Defendants admit that the document attached to the First Amended Complaint in Interpleader as Exhibit 1 and referenced in Paragraph 7 thereof is an insurance policy issued by Plaintiff Gotham Insurance Company, and that the document speaks for itself. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

8.      In answer to the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that the insurance policy is attached to the First Amended Complaint in Interpleader as Exhibit 1, and that the document speaks for itself. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

9.      In answer to the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that each is an insured under the referenced insurance policy. Except as expressly admitted or alleged, these Answering Defendants deny generally and specifically, each of the allegations contained therein.

10.     In answer to the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that the insurance policy is attached to the First Amended Complaint in Interpleader as Exhibit 1, that it appears to be a complete copy, and that the document speaks for itself. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

11.     In answer to the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants allege that Plaintiff

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

claims an interest in the Proceeds of the Policy, claim the right to control the disbursal of the proceeds, and that Plaintiff is not an disinterested stakeholder of the proceeds of the policy. These Answering Defendants further allege that Gotham has not reserved its rights to seek return of the proceeds paid in connection with the defense of the Underlying Lawsuit, nor is it entitled to do so under either the terms and conditions of the Policy or the Settlement Agreement, and further allege that Plaintiff is not entitled to cease payments for the cost of defense in that litigation. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

12.     In answer to the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants allege that the amount of the proceeds remaining and available under the Policy is believed to be $578,733.58, and that the total amount remaining to be paid to these Answering Defendants by way of defense reimbursement is believed to be in excess of the remaining proceeds. These Answering Defendants further allege that the remaining proceeds, whatever they may be, are not the subject of reimbursement to Gotham under either the Settlement Agreement or the terms and conditions of the Policy, and that such remaining proceeds should be deposited in cash with the Court. Except as expressly admitted or alleged these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

13.     In answer to the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that they seek the Proceeds authorized by the policy as costs of defense in the Underlying Lawsuit, and allege that they have incurred defense costs in reliance on the proceeds of the Policy. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

14. In answer to the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that the Defendants in Interpleader have made claims to the Proceeds authorized by the Policy, and allege that Plaintiff has also made claims to the Proceeds authorized by the Policy. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

15. In answer to the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that on or about June 1, 2012, Plaintiff in Interpleader commenced an Interpleader Action (Interpleader I) against the same Defendants in this action, to resolve conflicting claims between the Named Insureds to the Proceeds.

16. In answer to the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that on or about September 6, 2012, the parties to Interpleader I reached a settlement agreement, and that a true and correct copy of the Settlement Agreement is attached to Plaintiff's First Amended Complaint in Interpleader as Exhibit 3. These Answering Defendants further allege that the terms and conditions of the Settlement Agreement speak for themselves. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

17. In answer to the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants allege that any Proceeds paid pursuant to the terms and conditions of the Policy and the Settlement Agreement, were paid by Gotham directly to the attorneys approved by Gotham for the defense of the Underlying Litigation. These Answering Defendants are informed and believe, and based thereon allege that Plaintiff has in fact paid the sum set forth in Paragraph 17. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

18.     In answer to the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that despite the payment of Proceeds in accordance with the Settlement Agreement of Interpleader I, Shasta has asserted new demands for payment of more than its fair share of the Proceeds, which conflicts with the rights of these Answering Defendants, pursuant to the terms and conditions of the Settlement Agreement and the Policy. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

19.     In answer to the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants allege that Gotham is able to determine the validity of the conflicting claims made by the Defendants in Interpleader, and can determine to whom the remaining proceeds of the Policy should be paid. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

20.     In answer to the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants allege that while Plaintiff may have incurred costs and attorneys' fees in this action, it did so for its own account and for the purposes of protecting its own interests in the Proceeds of the Policy, as alleged by Plaintiff in paragraph 11 of this First Amended Complaint in Interpleader. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

## SECOND CAUSE OF ACTION  FOR
## DELCARATORY RELIEF AGAINST ALL DEFENDANTS
## EXCEPT KNICKERBOCKER

21.     In answer to the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants Incorporated by

6

reference their answers to paragraphs 1 through 20 of this First Amended Complaint, as though fully set forth at length herein.

22.    In answer to the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants deny generally and specifically, each, every, and all the allegations contained therein, and allege that Gotham's own investigation allowed it to determine to whom the Proceeds of the Policy should be paid, and that in fact throughout the course of the Underlying Lawsuit, Plaintiffs investigation allowed it to appropriately disperse the proceeds in the defense of that lawsuit.

23.    In answer to the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that an actual controversy has arisen between the parties hereto with respect to the Proceeds due under the Policy and the settlement Agreement of Interpleader I. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

## THIRD CAUSE OF ACTION FOR BREACH
## OF THE WRITTEN SETTLMENT AGREEMENT
## IN INTERPLEADER I AGAINST DEFENDANT SHASTA ONLY

24.    In answer to the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants Incorporated by reference their answers to paragraphs 1 through 23 of this First Amended Complaint, as though fully set forth at length herein.

25.    In answering the allegations of Paragraph 25 of Plaintiff's First Amended Complaint, Answering Defendants admit the allegations contained therein.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

26. In answering the allegations in paragraph 26 of Plaintiff's First Amended Complaint in Interpleader, Answering Defendants admit the allegations contained therein.

27. In answering the allegations in paragraph 27 of Plaintiff's First Amended Complaint in Interpleader, Answering Defendants admit the allegations contained therein.

28. In answer to the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon which to predicate an answer thereto, and based thereon, deny, generally and specifically each of the allegations contained therein.

## FOURTH CAUSE OF ACTION FOR
## PROMISE MADE WITH NO INTENTION OF PERFORMING
## AGAINST DEFENDANTS SHASTA, KNICKERBOCKER AND CAL JR.

29. In answer to the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants Incorporated by reference their answers to paragraphs 1 through 28 of this First Amended Complaint, as though fully set forth at length herein.

30. In answer to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, generally and specifically each of the allegations contained therein. Answering Defendants, however, are informed and believe, and on such basis allege, that the remaining allegations of Paragraph 30 with respect to Shasta, Knickerbocker and Cal. Jr. are true.

31. In answer to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient

*8*

information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 31 are true.

32.     In answer to the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, generally and specifically each of the allegations contained therein.

33.     In answer to the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit the allegations contained therein.

## FIFTH CAUSE OF ACTION FOR FRAUD
## AGAINST DEFENDANTS SHASTA, KNICKERBOCKER AND CAL JR.

34.     In answer to the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants Incorporated by reference their answers to paragraphs 1 through 33 of this First Amended Complaint, as though fully set forth at length herein.

35.     In answer to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 35 are true.

36.     In answer to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that a true and correct copy of the Policy is attached to Plaintiff's First Amended Complaint in Interpleader as Exhibit 1. These Answering Defendants further allege that the terms and conditions of the Settlement Agreement speak for themselves. Except as expressly

9

admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

37.     In answer to the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that a true and correct copy of the Policy is attached to Plaintiff's First Amended Complaint in Interpleader as Exhibit 1. These Answering Defendants further allege that the terms and conditions of the Settlement Agreement speak for themselves. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

38.     In answer to the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that a true and correct copy of the Policy is attached to Plaintiff's First Amended Complaint in Interpleader as Exhibit 1. These Answering Defendants further allege that the terms and conditions of the Settlement Agreement speak for themselves. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

39.     In answer to the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants admit that a true and correct copy of the Policy is attached to Plaintiff's First Amended Complaint in Interpleader as Exhibit 1. These Answering Defendants further allege that the terms and conditions of the Settlement Agreement speak for themselves. Except as expressly admitted or alleged, these Answering Defendants deny, generally and specifically, each of the allegations contained therein.

40.     In answer to the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny,

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 40 are true.

41. In answering the allegations of Paragraph 41 of Plaintiff's First Amended Complaint, Answering Defendants admit the allegations contained therein.

42. In answer to the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 42 are true.

43. In answer to the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, such allegations. Answering Defendants, however, admit the remaining allegations of Paragraph 43.

44. In answer to the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 44 are true. Answering Defendants also admit that when they signed the Interpleader Settlement I they intended it to be a final and binding document.

45. In answer to the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

46. In answer to the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

47.     In answer to the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

48.     In answer to the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein. Defendants are informed and believe, however, that the remaining allegations of Paragraph 48 are true.

49.     In answer to the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

50.     In answer to the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants lack sufficient information or knowledge upon as to what Plaintiff believed, and based thereon, deny, any such allegations of Plaintiff's belief's contained therein.

51.     In answer to the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

52.     In answer to the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

53.     In answer to the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint in Interpleader, these Answering Defendants are informed and believe that the allegations therein are true.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

## AFFIRMATIVE DEFENSES

54.     These Answering Defendants assert their Affirmative Defenses, as follows, but reserve the right to assert additional affirmative defenses that may be discovered and developed through the course of discovery, or otherwise in this action.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

55.     Plaintiff's First Cause of Action fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

56.     Plaintiffs Second Cause of Action fails to state facts sufficient to constitute a cause of action.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

57.     These Answering Defendants are informed and believe, and upon such information and belief, allege that the First Amended Complaint in Interpleader, and each and every cause of action therein, is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

58.     These Answering Defendants are informed and believe, and upon such information and belief, allege that the First Amended Complaint in Interpleader, and each and every cause of action therein, is barred by the doctrine of Waiver. Plaintiff, by the statements, conduct, acts, omissions and acquiescence attributable to it, has waived

*13*

all claims and causes of action for any recovery or remedy against these Answering Defendants, as alleged in the First Amended Complaint in Interpleader.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

59.    These Answering Defendants are informed and believe, and upon such information and belief, allege that the First Amended Complaint in Interpleader, and each and every cause of action therein, is barred by the doctrine of estoppel. Plaintiff, by the statements, conduct, acts and omissions and attributable to it, has led these Answering Defendants to believe that they would be defended and their respective legal fees paid in the defense of the Underlying Lawsuit. Based thereon, these Answering Defendants have secured defense counsel, which is lead counsel in the Underlying Lawsuit, and incurred substantial legal fees in reliance on the promises and conduct of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Balancing of the Equities)

60.    The greater weight of the relative equities between the parties to this First Amended Complaint in Interpleader favors these Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

61.    These Answering Defendants are informed and believe, and based thereon allege that Plaintiff would be unjustly enriched by any recovery from these Answering Defendants.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

## EIGHTH AFFIRMATIVE DEFENSE

### (Breach of Duty)

62.     Plaintiff has at all times maintained a legal interest in the Policy, and Plaintiff is obligated by that policy to ensure the proper use of its Proceeds. Despite that obligation, beginning in the year 2013, Plaintiff ceased payment of all costs, expenses and attorneys fees incurred by these Answering Defendants during the year 2013, severely compromising the defense of these Answering Defendants. These Answering Defendants are informed and believe, and based thereon allege that the cessation of the payments referred to herein were done at the instance and request of Defendant Shasta, and that Plaintiff breached its fiduciary duty to these answering Defendants, by favoring one of its insureds over the other.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Join All Necessary Parties)

63.     These Answering Defendants are informed and believe, and based thereon allege, that Plaintiff has failed to join all of the necessary parties in its Interpleader action. The Policy includes additional insureds who have not been named in this action, or in the Underlying Lawsuit, but nonetheless remain beneficiaries of the policy proceeds. These Answering Defendants are further informed and believe, and based thereon allege that Conductive Technologies, Inc. may claim a right of indemnity under this policy, or that such a right has been claimed on its behalf by defendant Shasta.

## TENTH AFFIRMATIVE DEFENSE

### (Allocation of Costs and Attorneys Fees)

64. These Answering Defendants deny that Plaintiff is entitled to an award of costs and attorneys fees incurred in the filing of this matter. Should the court decide to award such fees, however, they should be assessed only against the defendant Shasta

Technologies, LLC, as a result of its new and unreasonable demands for more than its fair share of the remaining Proceeds from the Policy, as set forth in Paragraph 18 of the First Amended Complaint in Interpleader.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Civil Code Section 3391)

65.    These Answering Defendants allege and state that to the extent Co-Defendant Shasta Technologies, LLC (hereafter "Shasta") attempts to seek specific performance of a the parties' terms sheet in which it is stated that Shasta's counsel, Ropers, Majeski, Kohn & Bentley (hereafter "Ropers") are entitled to $478,000.00 of the Interpleader Funds, such claim is barred by Civil Code Section 3391, Sections (1) (2), (3) and (4).

### TWELFTH AFFIRMATIVE DEFENSE
#### (Judicial Estoppel)

66.    These Answering Defendants allege and state that under principles of judicial estoppel, Defendant Shasta Technologies, LLC is estopped from contending that its GenStrip was not a product that infringed LifeScan Scotland, Ltd.'s Patents 5,708.247 and 6,241,862.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Severability)

67.    These Answering Defendants allege and state that the provision on the Parties' Binding Term Sheet that Defendant Shasta seeks to specifically enforce, and which pertains to the allocation and disbursement of the Interpleader Funds, is severable from the remaining provisions of the Binding Term Sheet, and may be thus analyzed and ruled upon by this Court without regard to said remaining provisions.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Settlement and Release)

68.     These Answering Defendants allege and state that to the extent Defendant Shasta attempts to introduce evidence or argument at trial that Gotham Insurance Company breached the subject Policy of insurance by paying Shasta's defense counsel only 50% of its invoiced defense fees, Defendant Shasta settled and released this claim under the terms of the Gotham I Settlement and the provisions of Civil Code Section 1542.

## PRAYER FOR RELIEF

WHEREFORE, these Answering Defendants pray as follows:

1.     For Judgment in their favor and against Defendant Shasta in an amount to be determined by the Court at trial;

2.     That these Answering Defendants be awarded their costs and reasonable attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper

DATED:_____7/7_____, 2016                BAER & TROFF LLP

By:_____

ERIC TROFF,
Attorneys for Cross-
Complainants
PharmaTech Solutions, Inc. and
Decision Diagnostics, Inc, fka
Instacare Corp.

*SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT IN INTERPLEADER*