UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | Case No. 13-cv-03810-BLF<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE; BIFURCATING TRIAL; AND ADDRESSING MOTIONS IN LIMINE**<br><br>[Re: ECF 145, 150] |

The Court held a pretrial conference on July 28, 2016, at which time it addressed a number of trial issues; heard argument on Motion in Limine No. 1 brought by Defendants and Cross-Complainants Instacare Corporation and PharmaTech Solutions, Inc. (collectively ("PharmaTech"); and heard argument on Motion in Limine No. 1 brought by Defendants and Cross-Defendants Shasta Technologies, LLC, Calvin A. Knickerbocker, Jr., and Calvin A. Knickerbocker III (collectively "Shasta"). The Court hereby orders as follows:

**A.   Scheduling**

PharmaTech and Shasta each are allotted a total of six hours of trial time, those six hours to include opening statements, examination and cross-examination of witnesses, presentation of evidence, and closing arguments.

Trial will be bifurcated. During Phase I of the trial, which is set for September 7, 2016, the Court will hear all evidence relevant to the enforceability and effect of the Binding Term Sheet entered into by PharmaTech and Shasta on March 20, 2014. If the Court determines that the Binding Term Sheet is enforceable, that determination may dispose of all issues in the case. Any issues remaining for disposition after Phase I will be addressed in Phase II of the trial, which is set

1  for September 12, 2016.

2      The parties shall meet and confer regarding a list of issues that should be addressed in
3  Phase I.  If the parties cannot agree on a list of issues, PharmaTech and Shasta each shall submit a
4  three-page brief identifying all issues that should be addressed in Phase I and briefly explaining
5  the relevance of each issue to the enforceability and effect of the Binding Term Sheet.
6  PharmaTech's brief shall be filed on or before August 12, 2016, and Shasta's brief shall be filed
7  on or before August 17, 2016.  On or before August 29, 2016, the Court will issue an order
8  informing the parties which issues the Court will hear in Phase I.

**B.  PharmaTech's Motion in Limine No. 1 to Exclude the Following Evidence at Trial: Any argument or other evidence that Plaintiff in Interpleader Gotham Insurance Company breached the subject policy of insurance by reimbursing Defendant Shasta Technologies, LLC's defense fees at the rate of 50% of defense counsel's invoices**

    PharmaTech moves to exclude Shasta's presentation of argument or evidence that Gotham Insurance Company ("Gotham") breached the subject insurance policy by reimbursing Shasta's defense fees at a rate of 50% of Shasta's counsel's invoices.  PharmaTech asserts that Shasta released any claims relating to the 50% rate of reimbursement when Shasta entered into a settlement of Gotham's first interpleader action ("Gotham I").  Shasta denies that it released claims relating to the 50% rate of reimbursement in the Gotham I settlement, and it argues further that the Gotham I settlement effected a release of certain claims that Shasta had against *Gotham* but not of any claims that Shasta may have against *PharmaTech*.  Consequently, Shasta argues, PharmaTech cannot raise the Gotham I settlement in this case to bar Shasta from challenging the 50% rate of reimbursement.  Finally, Shasta argues that PharmaTech's motion is procedurally improper in that PharmaTech has not identified any particular evidence to be excluded.

    It is the Court's view that PharmaTech may be correct in arguing that evidence regarding Gotham's asserted breach of the insurance policy should be excluded.  It appears that Shasta may have waived any challenge to the 50% rate of reimbursement when it settled Gotham I, or, alternatively, that Shasta may be precluded from litigating Gotham's alleged breach because a necessary party to such litigation – Gotham – has been dismissed from the case.  However,

Gotham's asserted breach of the insurance policy is irrelevant to the issues to be tried in Phase I. Thus the argument and evidence that PharmaTech seeks to exclude will not be presented unless and until the Court reaches Phase II. Under these circumstances, the Court concludes that it is more prudent to defer ruling of PharmaTech's motion until completion of Phase I.

Consideration of PharmaTech's Motion in Limine No. 1 is DEFERRED.

**C.    Shasta's Motion in Limine No. 1 to Exclude Expert Report and Testimony of Andre Jardini**

Shasta moves to exclude the report and testimony of PharmaTech's expert witness, Andre Jardini, as irrelevant and unreliable under Federal Rule of Evidence 702. Mr. Jardini, an attorney, offers expert opinion as to the appropriate equitable allocation of the interpled insurance proceeds between PharmaTech and Shasta. PharmaTech contends that Mr. Jardini's expert report and opinion meet the requirements of Rule 702.

Rule 702 provides that a qualified expert may testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Supreme Court has held that Rule 702 requires the district court to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

In *Daubert*, the Supreme Court discussed four factors that may be used to determine reliability: (1) whether the theory or technique used by the expert "can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error"; and (4) whether there is "general acceptance" of the theory or technique in the "relevant scientific community." *Daubert*, 509 U.S. at 593-94; *see also Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (reciting factors).

In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999), the Supreme Court clarified that the "basic gatekeeping obligation" articulated in *Daubert* applies not only to

scientific testimony but to *all* expert testimony. The Supreme Court also made clear that the four factors discussed in *Daubert* "do *not* constitute a definitive checklist or test" for reliability. *Id.* at 150 (internal quotation marks and citation omitted). The reliability inquiry is a flexible one, and "whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153.

The first Rule 702 factor inquires whether the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Shasta argues that Mr. Jardini's opinion regarding equitable allocation of the interpled insurance proceeds will not be helpful to the Court, because allocation of the proceeds is controlled by the Binding Term Sheet rather than principles of equity. As discussed above, the Court agrees with Shasta that the first issue to be addressed in this case is the effect of the Binding Term Sheet. If the Court finds in Phase I that the Binding Term Sheet is enforceable, then Mr. Jardini's opinion will be irrelevant. However, PharmaTech disputes the enforceability of the Binding Term Sheet. If the Court determines in Phase I that the Binding Term Sheet cannot or should not be enforced, then the equitable distribution of the interpled proceeds – the subject of Mr. Jardini's report – will be relevant in Phase II.

Shasta next argues that even if analysis of the attorneys' fees at issue becomes necessary, the Court is an expert in the subject and thus will not find Mr. Jardini's opinion helpful. While the Court has a great deal of experience analyzing the reasonableness of attorneys' fees, that experience does not render Mr. Jardini's opinion worthless per se. Mr. Jardini clearly has spent a great deal of time organizing and analyzing the attorneys' fees in question, and that organization and analysis may well prove helpful to the Court should it reach Phase II of the trial.

The second Rule 702 factor asks whether the expert's testimony is based on sufficient facts or data. Shasta does not challenge Mr. Jardini's opinion on this basis, and Mr. Jardini's report demonstrates a careful review of all of the attorneys' fees at issue.

The third and fourth Rule 702 factors inquire, respectively, whether the expert's testimony is the product of reliable principles and methods and whether the expert reliably applied the

4

principles and methods to the facts of the case. As discussed above, the Supreme Court's *Daubert* decision set forth a number of factors that may be used to determine reliability. Those factors are not particularly relevant here, as Mr. Jardini is not applying a scientific theory or technique. However, the reliability inquiry is a flexible one, and the Court has broad latitude in determining a reasonable measure of reliability in any particular case. *See Kumho Tire*, 526 U.S. at 153.

Shasta challenges the reliability of Mr. Jardini's opinion by arguing that he is not qualified to act as an expert in this case. Shasta's argument on this point is unpersuasive. Mr. Jardini has extensive experience as a trial attorney, familiarity with insurance law, patent law, and litigation of attorneys' fees, and experience testifying as an expert witness. Shasta cites two cases in which the district court rejected aspects of expert opinions offered by Mr. Jardini. *See Cyclone USA, Inc. v. LL&C Dealer Servs.*, No. CV 03-992-AJW, 2010 WL 2104963, at *8-9 (C.D. Cal. May 24, 2010); *Lira v. Cate*, No. C00-0905-SI, 2010 WL 727979, at *4 (N.D. Cal. Feb. 26, 2010). However, the cited decisions do not indicate that the district court *excluded* Mr. Jardini's opinions under Rule 702 and *Daubert*. To the contrary, it appears that both district courts considered Mr. Jardini's opinions but found them to be unpersuasive in whole or in part. Thus the cited cases do not provide support for Shasta's motion to exclude Mr. Jardini's opinion in this case.[1]

Shasta also argues that Mr. Jardini has not laid an appropriate foundation for his opinion. However, Mr. Jardini examined all of the billing records at issue and applied his experience and expertise in determining that certain work was duplicated or inconsistent with the role of the attorney performing the work (e.g., lead counsel or secondary counsel). The Court concludes that in general Mr. Jardini has laid an adequate foundation. The single exception to this conclusion is a statement contained in paragraph 44 of Mr. Jardini's report: "If Ropers had appropriately acted as secondary counsel as stated in the Agreement, relying on Lathrop to conduct the litigation in a primary role, Ropers' fees would have reasonably been only 1/3 of the amounts invoiced by lead

---

[1] Shasta also cites to an unpublished decision of the California Court of Appeal, which this Court has not considered. With certain exceptions not applicable here, California's Rules of Court provide that "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action." Cal. R. Ct. 8.1115.

5

counsel." Jardini Decl. ¶ 44. Mr. Jardini provides no basis whatsoever for his assumption that secondary counsel appropriately may incur only 1/3 of the fees of lead counsel. When questioned about this aspect of Mr. Jardini's opinion at the hearing, PharmaTech's counsel was unable to direct the Court to any foundation for the 1/3 figure. Accordingly, the quoted portion of Mr. Jardini's report, and all opinion relying on the 1/3 figure, will be excluded.

Shasta's Motion in Limine No. 1 is GRANTED IN PART as to opinion relating to the 1/3 figure, and otherwise is DENIED.

**IT IS SO ORDERED.**

Dated: August 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge